# GENERAL SESSIONS.

## NEW YORK, NOVEMBER, 1823.

*The People*
vs.                } DISTURBING DIVINE SERVICE.
*John Degey.*

Honourable *Richard Riker*, Recorder.
*Hugh Maxwell*, District Attorney.
Messrs. *Scott, Price,* and *Wilson,* Counsel for the Prisoner.

The defendant was charged in an indictment, in the following words:

"City and County of New York, *ss.*—The jurors of the people of the state of New York, in and for the body of the city and county of New York, upon their oath present, that John Degey, late of the first ward of the city of New York, in the county of New York aforesaid, labourer, on the 26th day of October, in the year of our Lord one thousand eight hundred and twenty-three, being Sunday, with force and arms, at the eighth ward of the city of New York, in the county of New York aforesaid, in the Ebenezer Baptist Church there, during the celebration of divine service, unlawfully, unjustly, and irreverently did disturb and hinder one Jonathan Vanvelser, then being the minister officiating in the said church, and then being in the discharge of his sacred functions, and in the performance of divine service, in contempt of the laws of this state, to the evil example of all others in the like case offending. and against the peace of the people of the state of New York, and their dignity."

*Disturbing divine service is indictable at common law, notwithstanding the statute 1 R. . . 19° declares the penalty, and points out the remedy.*

N'W YORK,
Nov. 1823.

The People
v.
Degey.

The evidence before the jury appeared to be as follows: The defendant, in company with a friend, visited the Ebenezer Baptist Church, of which Mr. Vanvelser was pastor, on the    day of         1823, and felt himself displeased at some words uttered by Mr. Vanvelser during the service. He and his friend again visited the church on the following Sunday, and during the service he interrupted Mr. Vanvelser by observing that he had contradicted himself in using language now, against that which he had uttered on the Sunday evening preceding. Mr. Vanvelser replied, that an explanation might be had at another time and place. Defendant answered he might go on if he used decent language.

The counsel for the defendant rested his defence upon several grounds:

1. That it was not indictable at common law. The statute law of our state had provided a remedy which must be followed: that statute (Revised Laws, vol. ii. p. 195.) declares, " That if any person or persons whatsoever, on the first day of the week, called Sunday, or on any other day or time, shall wilfully, and of purpose, disquiet, interrupt, or disturb any assembly of the people met for religious worship, by making a noise, or by rude and indecent behaviour or profane discourse, and shall be thereof legally convicted before any justice of peace of the county, or any mayor, recorder, or alderman of any city where the offence shall be committed, shall, for every such offence, forfeit and pay to the use of the poor a sum not exceeding twenty-five dollars." The statute proceeds, and authorizes, on non-payment of the penalty, a committal of the party to the common gaol, for the period

of thirty days. They contended the only remedy was under this statute ; that it must be strictly followed ; that the offence as charged in this indictment had been recognized at common law.

2dly. It was the right, and perhaps was the duty, of those worshipping at a church when doctrines were publicly taught derogatory to christianity, to object, to oppose them publicly in the church; and if done decently, and with decorum, it was not an offence at common law, or under this statute.

Maxwell, District Attorney, replied, that it was clearly an offence at common law. There was a precedent in Chitty in a similar case ; that it could not be tolerated for a moment, that the worship of a whole congregation might be interrupted in the manner charged in this indictment, and yet not be punishable at common law. He might have proceeded against the defendant for the penalty under the statute, but he chose the more effective remedy at common law.

2dly. He denied the right of the defendant, or any other person, to obstruct the worship in the manner charged upon the defendant. It was obvious he went to the church with bad motives, and not for the purpose of worship. He was guilty of indecorously disturbing, &c.

His Honour the Recorder observed, that the court was of opinion that this was a good indictment at common law, and could be sustained. That if the law was as contended for by the counsel for the defendant, the important provision in the constitution, which guaran-

N'W YORK,
Nov. 1823.

The People
v.
Degey.

teed the free enjoyment of religious principles and worship to every person, would become nugatory. No man had a right to disturb another in the exercise of that important privilege. If he did, he might be indicted, and, if convicted, suffer a penalty of fine or imprisonment, or both.

By the evidence in this case, it appeared the defendant had disturbed the worshippers in the Ebenezer Baptist Church, by an indecorous controversy with the officiating minister of that church during divine service ; the motives of his attendance at the church appeared by the evidence, if not bad, very suspicious : he was not a member, and had no right to interfere at all in the mode and manner of that worship ; or, at least, not by disturbing the congregation during service.

The court were, therefore, clearly of opinion that the offence charged in the indictment was an offence at common law, and that the evidence against the defendant fully proved the charges set forth in it.

The jury immediately returned a verdict of GUILTY.