(14 App. Div. 505.)

STEINERT v. SOBEY.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. DISTURBING RELIGIOUS MEETINGS—JURISDICTION OF JUSTICE OF THE PEACE.
  3 Rev. St. (7th Ed.) marg. p. 676, § 73, giving justices of the peace jurisdiction to try in a summary manner persons charged under section 64 (marginal page 674) with disturbing religious meetings, was not repealed by the enactment of the Penal Code, section 274 of which declares it a misdemeanor to disturb religious meetings, and of the Code of Criminal Procedure, section 4 of which provides for the prosecution by indictment of all crimes except such "as are hereinafter or in special statutes specified as cognizable by courts of special sessions."

.2. CRIMINAL LAW—CRIMES—MEANING OF WORD.
  The term "crime," as used in the Code of Criminal Procedure, does not include petty offenses, subject to summary convictions by a magistrate, such as disturbing public worship.

Appeal from circuit court, Queens county.

Action by Joseph Steinert, Jr., against William H. Sobey, for false imprisonment. From a judgment in favor of defendant, entered on a nonsuit, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

H. A. Monfort, for appellant.
William A. Onderdonk, for respondent.

CULLEN, J.  This action was brought against the defendant for false imprisonment.  The defendant was a justice of the peace of the town of North Hempstead, in the county of Queens.  The complaint alleged that one Rugge made a complaint on oath before the defendant, as justice of the peace, charging the plaintiff with the crime of disturbing a religious meeting; that the plaintiff was arrested on such charge, and brought before the defendant; that the defendant, without the consent of the plaintiff, as a court of special sessions, proceeded to try the plaintiff on said charge, convicted him, and sentenced him to pay a fine of $25, or in default to stand committed not exceeding 25 days; that on appeal to the court of sessions of Queens county the conviction of judgment was reversed; that the plaintiff was detained in custody during said trial, and compelled to employ counsel to obtain his discharge.  Plaintiff asserts that the defendant was without jurisdiction to try the charge.  The complaint was dismissed on the pleadings, and from the judgment entered on such dismissal this appeal is taken.

No complaint is made because the defendant assumed to act as a court of special sessions, instead of as a justice of the peace, nor is there any claim made that the plaintiff was denied a trial by jury. The contention of the plaintiff is that the offense with which he was charged is made, by sections 274 and 275 of the Penal Code, a misdemeanor; that it is not one of those misdemeanors which, by section 56 of the Code of Criminal Procedure, a court of special sessions was authorized to try, and hence that the magistrate was wholly without jurisdiction to convict or punish him for the offense. The correctness of this claim depends on the determination of the question whether the provisions of sections 65–68, art. 7, marg. p. 674, and the provisions of article 9, tit. 8, c. 20, marg. p. 676, pt. 1, 3 Rev. St. (7th Ed.), were in force at the time of the arrest and trial of the plaintiff.  These provisions gave ample authority to the defendant, as a justice of the peace, to try the plaintiff on the charge, and to render the judgment which was imposed upon him.  At that time the provisions of the Revised Statutes cited had not been in terms repealed, though section 64, which defined the offense of disturbing a religious meeting, had been repealed by chapter 593 of the Laws of 1886.  The effect of the repeal of this section I shall discuss hereafter.  The principal contention of the plaintiff is that the enactment of the Code of Criminal Procedure and Penal Code covered the whole subject of criminal offenses and criminal prosecutions, and hence operated to repeal these provisions of the Revised Statutes, as inconsistent with such Codes.  By section 4 of the Code of Criminal Procedure, all crimes must be prosecuted by indictment, except where proceedings are had for removal of certain officers, and crimes arising in the militia or in the land or naval forces, and "(4) such crimes as are hereinafter or in special statutes specified as cognizable by courts of special sessions and police courts."  By section 274 of the Penal Code, a person who willfully disturbs an assemblage met for religious worship is guilty of a misdemeanor.  The proceedings against violators of the Sabbath law and disturbers of religious meetings, authorized by the Revised Stat-

utes to be prosecuted before magistrates, were not cognizable by courts of special sessions, nor by police courts, either by the Code of Criminal Procedure or by other statutes. It is therefore insisted that such offenses could only be prosecuted by indictment.

It is undoubtedly true that the term "crime" is, within many definitions to be found in dictionaries and in text writers, broad enough to include the offense with which the plaintiff was charged. Mr. Bishop, in his work on Statutory Crimes, devotes many sections to the discussion of the violation of the ordinances and by-laws of municipal corporations, treating such violations as crimes. But, whatever be the correct and accurate definition of the word "crime," I think that it is not used in the Code of Criminal Procedure in a sense broad enough to include petty offenses subject to summary convictions by a magistrate. In the Code, crimes are divided into felonies and misdemeanors, and no provision is found for the trial of either before a magistrate as such. Yet the Code at length prescribes the forms and methods of procedure in cases of bastardy, in proceedings under the poor law, and proceedings against vagrants and disorderly persons. These are termed in the Code not "prosecutions for crimes," but "special proceedings of a criminal nature." Proceedings in cases of bastardy and in cases under the poor laws may be considered as not penal, but only as means to enforce the discharge of legal obligations. But proceedings against vagrants and in certain cases against disorderly persons are as essentially punitive as any sentence imposed for crime. It is therefore apparent that too broad a significance must not be given to the term "crime," as used in the Code. This distinction in nomenclature existed prior to the Code. The title of part 4 of the Revised Statutes is "An act concerning crimes and punishments; proceedings in criminal cases and prison discipline." Yet in this part of the Revised Statutes the proceedings against vagrants, disorderly persons, Sabbath breakers, or disturbers of religious meetings are not to be found. These all occur in chapter 20 of part 1, entitled "Of the Internal Police of the State." It thus appears that, however inaccurate or illogical the distinction may be, summary proceedings for petty offenses leading to disorder have been considered not as prosecutions for crimes, but for offenses against police regulations. The repealing section of the Code of Criminal Procedure (section 962) provides: "This Code applies to criminal actions and to all other proceedings and criminal cases which are herein provided for from the time it takes effect." Summary proceedings for the punishment of profane swearing, Sabbath breaking, and disturbing religious meetings were not provided for by the Code, and are hence not affected by it.

An explanation of the whole subject will be found in the original note of the codifiers to section 39 (present section 260), Pen. Code. It there appears that it was not intended to abrogate all the summary proceedings which have been discussed. On the contrary, it appears that these proceedings, so far as the Sunday laws are concerned, were intended to be provided for by sections 849 to 858 of the Political Code. The codifiers recommended, however, that the

definition and punishment of Sabbath breaking should be treated in
the Penal Code, while the provisions of the Revised Statutes should
be either allowed to stand in the Political Code or incorporated
in the Penal Code.   The Political Code never having been adopted,
and the provisions of the Revised Statutes not having been repealed,
we think the subject stands unaltered, except as to definition of the
offenses by either the Penal Code or Code of Criminal Procedure.
In Erbe v. Monteverde, 13 Misc. Rep. 404, 35 N. Y. Supp. 102, Jus-
tice Bartlett held that the provisions of the Revised Statutes as to
Sabbath breaking still remained in force.   A contrary conclusion
would have led to the curious result that probably the least serious
of all misdemeanors, involving the maximum punishment of $10
fine and five days' imprisonment, could only be prosecuted by in-
dictment.

The state of the law concerning the offense of disturbing a relig-
ious meeting varies slightly from that concerning Sabbath breaking,
but not sufficiently to affect the conclusion reached.   Disturbing
a religious meeting was a misdemeanor at common law, and could
be prosecuted by indictment, notwithstanding the provisions of the
Revised Statutes for its summary punishment, which were held to
be only cumulative (People v. Crowley, 23 Hun, 412; People v.
Degey, 2 Wheeler, Cr. Cas. 135), though a punishment in one pro-
ceeding would have precluded a punishment in the other.   When,
therefore, the Penal Code (section 274) defined the offense as a mis-
demeanor, and left its punishment open to the provisions concern-
ing misdemeanors in general, it did not show any intent to abrogate
the provisions of the Revised Statutes on the subject.   It did, doubt-
less, modify and repeal the common law on the subject, except so
far as saved in the terms of the definition; but there is no greater
inconsistency in the offense being subject to summary prosecution
before a magistrate and by indictment under the Penal Code than
there was in the previous condition of the law.   By chapter 593,
Laws 1886, the legislature repealed section 64 of the article above
recited, which defined the offense of disturbing religious meetings.
This act, which seems to be a general repealing law of all previous
legislation deemed inconsistent with or rendered unnecessary by
the enactment of the Penal Code and Code of Criminal Procedure,
did not repeal the subsequent sections of that article, or those of
the following one which prescribed the proceedings against persons
committing this offense.   I concede that, had the section repealed
been the only provision making the disturbance of religious meet-
ings an offense, the mere fact that there were continued in force
the machinery for prosecuting such offense and the punishment
prescribed for it would not have continued the offense itself.   But
at the time and for some years previous there had been another
definition of the offense found in the Penal Code, a definition differ-
ing somewhat from that contained in the Revised Statutes.   When,
therefore, the earlier definition of the offense was obliterated, but
the proceedings for punishing it and the extent of the punishment
by those proceedings left in force almost ostentatiously,—for the

repealing act divides the article in two,—I think it must have been intended that the proceedings should still continue, but that the offense intended to be proceeded against was to be that defined and limited by the provisions of the section of the Penal Code. We are therefore of the opinion that the defendant, as justice of the peace, had power to try the charge on which the plaintiff was brought before him; and it becomes unnecessary to determine whether, in case he was without jurisdiction over the offense, his error was so far judicial as to give him immunity from suit, under the doctrine of Austin v. Vrooman, 128 N. Y. 229, 28 N. E. 477.

The judgment appealed from should be affirmed, with costs. All concur.