PEOPLE ex rel. BURKE v. FOX, Warden of the Workhouse.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. SUNDAY (§ 30*)—SUMMARY PROCEEDINGS—MUNICIPAL COURTS.

In view of the provision of Code Civ. Proc. § 6, now Judiciary Law (Consol. Laws 1909, c. 30) § 5, that such "section does not prevent the exercise of the jurisdiction of a magistrate where it is necessary to pre-serve the peace or in a criminal case to arrest, commit or discharge a person charged with an offense," and Laws 1895, c. 601, § 5, Greater New York Charter (Laws 1901, c. 466) § 1398, and Laws 1910, c. 659, § 71, providing that magistrate's courts shall be opened on Sunday, and also of the fact that there is no statute authorizing a magistrate to adjourn a hearing or admit to bail, a magistrate of the city of New York may, on Sunday, try one for disorderly conduct tending to a breach of the peace, and, upon conviction, though after a plea of not guilty, may im-pose sentence on that day.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 73–85; Dec. Dig. § 30.*]

2. CRIMINAL LAW (§ 273*)—"TRIAL."

Conviction upon a plea of guilty is as much a "trial" as is a conviction upon evidence taken.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 631, 632, 634; Dec. Dig. § 273.*

For other definitions, see Words and Phrases, vol. 8, pp. 7095–7103; vol. 8, p. 7821.]

Appeal from Special Term, New York County.

Application by Stella Burke for writ of habeas corpus against Frank Fox, Warden of the Workhouse. Writ dismissed, and rela-tor remanded, and she appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

James J. Mayer, for appellant.
Robert C. Taylor, for respondent.

McLAUGHLIN, J. The relator herein was arrested on Sunday, the 25th of February, 1912, was immediately taken before a city mag-istrate upon the charge of disorderly conduct tending to a breach of the peace, pleaded not guilty, was tried, convicted, and sentenced. Thereafter, upon a petition alleging that her imprisonment was illegal, because the trial, conviction, and sentence were had on Sunday, she obtained a writ of habeas corpus. The writ was dismissed by the Special Term, and the relator remanded, and from an order to that effect she appeals to this court.

[1] The question presented is whether a magistrate of the city of New York has the power, on Sunday, to try a person alleged to be guilty of disorderly conduct tending to a breach of the peace, and, upon conviction, to impose sentence on that day. A similar question

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was presented in People ex rel. Price v. Warden, 73 App. Div. 174, 76 N. Y. Supp. 728, where it was held that a magistrate had such power; and we would affirm the order upon that authority, without opinion, had not the Second Department, in a case recently decided (People ex rel. Ryan v. Superintendent Bedford Reformatory, 134 N. Y. Supp. 90, not yet officially reported), held to the contrary. In the Price Case the relator was convicted upon a plea of guilty, while in the Ryan Case after evidence was taken, and by reason of that fact it is sought to distinguish the two cases. I am unable to see any distinction.

[2] A conviction upon a plea of guilty is a trial, just as much as a conviction upon evidence taken. The result is the same. The only difference is it may take longer to reach the conviction in one case than in the other. The difference in time, obviously, cannot determine the jurisdiction of the magistrate, or whether he has summary power to dispose of a case, where the defendant is charged with being a disorderly person. I concurred in the opinion in the Price Case, and after a re-examination of the question am satisfied that the conclusion there reached is correct. The power of a magistrate, in either case, depends upon the construction to be put upon the statute relating to the subject, and not upon the time it takes to determine whether the person is guilty of the offense charged. The general provision of the statute provides that:

"A court shall not be opened or transact any business on Sunday, except to receive a verdict or discharge a jury. * * * But this section does not prevent the exercise of the jurisdiction of a magistrate where it is necessary to preserve the peace or in a criminal case to arrest, commit or discharge a person charged with an offense. * * *" Code Civ. Proc. § 6; Judiciary Law (Consol. Laws 1909, c. 30) § 5.

It will be observed that the section in two cases does not prevent the exercise of the jurisdiction of a magistrate: (a) Where it is necessary to preserve the peace; and (b) in a criminal case to arrest, commit, or discharge a person charged with an offense. In order to "preserve the peace," a magistrate has jurisdiction for that purpose on Sunday, and this power is entirely independent and separate from his power "to commit or discharge" in criminal cases.

Summary proceedings of the character of the one under consideration have never been regarded as technically criminal actions, but rather as police regulations for the preservation of the public peace, and as such to be disposed of summarily. This was pointed out by Mr. Justice Cullen in Steinert v. Sobey, 14 App. Div. 505, 44 N. Y. Supp. 146. He said:

"But, whatever be the correct and accurate definition of the word 'crime,' I think that it is not used in the Code of Criminal Procedure in a sense broad enough to include petty offenses subject to summary convictions by a magistrate."

After discussing the provisions relating to vagrancy, disorderly persons, etc., to the effect that they could not properly be regarded as crimes, he added:

"This distinction in nomenclature existed prior to the Code. The title of part 4 of the Revised Statutes is 'An act concerning crimes and punishments;

proceedings in criminal cases; and prison discipline.' Yet in this part of the Revised Statutes the proceedings against vagrants, disorderly persons, Sabbath breakers, or disturbers of religious meetings are not to be found. These all occur in chapter 20 of part 1, entitled 'Of the Internal Police of the State.' It thus appears that, however inaccurate or illogical the distinction may be, summary proceedings for petty offenses leading to disorder have been considered, not as prosecutions for crimes, but for offenses against police regulations."

The words "to preserve the peace," as used in section 6 of the Code of Civil Procedure, gave to the magistrate the power to do, on Sunday, whatever was necessary to accomplish that end; or, as said by Mr. Justice O'Brien in People ex rel. Price v. Warden, supra:

"The purpose of the provision was 'to preserve the peace,' and while doing so at the same time to accord to persons, who might otherwise be injured by longer detention, an opportunity to be at once heard, and in proper cases set at liberty. * * * In so doing we think the magistrate might commit or sentence, as well as discharge; for it would seem to be an idle formality, if conviction was called for, to bring the guilty person to the bar on a subsequent occasion."

The above view is also strengthened by the fact that there is no statute, so far as I have been able to discover, which authorizes a magistrate to adjourn a hearing and admit to bail.

It is also sustained by section 5 of chapter 601 of the Laws of 1895, which authorizes the board of city magistrates to adopt rules "as to the hours at which said court shall be opened on each day, including Sundays and legal holidays, and what officers shall be in attendance"; by section 1396 of the Greater New York Charter (Laws 1901, c. 466), which provides that the several "city magistrates' courts shall be opened every day at 9 o'clock in the morning * * * except on Saturdays, Sundays and holidays, when morning sessions only shall be necessary"; and by section 71 of chapter 659 of the Laws of 1910, which provides:

"There shall be a city magistrate's court held daily in every court district * * * and unless otherwise directed by the chief city magistrate or the respective boards of magistrates, each court shall be opened every day at 9 o'clock in the morning and shall not be closed before 4 o'clock in the afternoon, and the city magistrate assigned thereto shall be in attendance thereat, except during a reasonable recess, and except that afternoon sessions may be dispensed with on Saturdays, Sundays and holidays. * * *"

The Legislature having thus provided that magistrates' courts shall be opened on Sunday, their right to dispose of cases properly presented necessarily follows. Therefore a person charged with disorderly conduct tending to a breach of the peace can on Sunday be tried, and, if convicted, sentenced, as was done in the present case.

My conclusion, therefore, is that the relator was legally tried, convicted, and sentenced, and the order dismissing the writ of habeas corpus and remanding her should be affirmed. All concur.