# COURT OF SPECIAL SESSIONS — COUNTY OF NEW YORK.

## July, 1919.

## THE PEOPLE v. KNUR JOEL LOWENDAHL.

(108 Misc. 96.)

(1.) DISORDERLY CONDUCT*—WHEN NOT A CRIME—JURISDICTION OF MAGISTRATE'S COURT—CRIMINAL LAW—CODE CRIM. PRO., § 137.

Section 137 of the Code of Criminal Procedure does not apply to a case of disorderly conduct tending to a breach of the peace in violation of sections 1458 and 1459 of the New York City Consolidation Act of 1882.

Upon proof that defendant, while a passenger on a railway train *enroute* for New York city, uttered certain seditious remarks, the Magistrate's Court in said city, before whom defendant was charged with disorderly conduct tending to a breach of the peace, has not jurisdiction to summarily adjudge the defendant guilty and impose sentence. Disorderly conduct tending to a breach of the peace is not a crime.

(2.) SAME—PENAL CODE, § 270.

It was the duty of the magistrate to have entertained a complaint for disorderly conduct under section 720 of the Penal Law which makes it a misdemeanor for "any person who shall, by any offensive or disorderly act or language, annoy or interfere with any person in any place or with the passengers of any public stage, railroad car, etc.," for the purpose of holding him for trial in the Court of Special Sessions.

APPEAL from a judgment of conviction in a City Magistrate's Court.

*Frederick J. Sullivan,* assistant district attorney for People.

*Emil E. Fuchs,* for defendant.

---

* See note, Vol. 14, p. 412.

Rosalsky, J.:

The defendant above named was adjudged guilty in the Tenth District City Magistrates' Court, borough of Manhattan, of disorderly conduct tending to a breach of the peace, and he was sentenced to the workhouse for the definite period of six months.

The record of the proceedings in the court below shows that on the 25th day of September, 1918, the defendant was a passenger on the Empire State Express of the New York Central Railway, bound for New York, and that while on said train and prior to having reached the county of New York, the defendant uttered certain seditious remarks for which he was apprehended when the train reached One Hundred and Twenty-fifth street in the borough of Manhattan.

The principal question to be decided on this appeal is whether section 137 of the Code of Criminal Procedure is applicable to a case of disorderly conduct tending to a breach of the peace in violation of sections 1458 and 1459 of the Consolidation Act.

Section 137, *supra,* provides as follows: " When a crime is committed in this state, in or on board of any railway engine, train or car, making a passage or trip on or over any railway in this state, or in respect to any portion of the lading or freightage of any such railway train or engine car, the jurisdiction is in any county through which, or any part of which, the railway train or car passes, or has passed in the course of the same passage or trip, or in any county where such passage or trip terminates, or would terminate if completed."

As it will be observed section 137, *supra,* vests jurisdiction in the courts of New York county *if a crime is committed on a railway train, etc.*

Under the Penal Law, crimes are divided into felonies and misdemeanors. The courts have held that disorderly conduct tending to a breach of the peace is not a crime.

In People ex rel. Burke v. Fox (205 N. Y. 490), the Court

of Appeals held that disorderly conduct which in the opinion of the magistrate tends to a breach of the peace, is an offense against a police regulation, but is not a *crime* in the strict sense of that term as used in the Code of Criminal Procedure.

In Steinert v. Sobey (14 App. Div. 505, 507, 508), Chief Justice Cullen said: " But whatever be the correct and accurate definition of the word ' crime,' I think that it is not used in the Code of Criminal Procedure in a sense broad enough to include petty offenses subject to summary convictions by a magistrate. In the Code crimes are divided into felonies and misdemeanors, and no provision is found for the trial of either before a magistrate, as such. * * * It thus appears that, however inaccurate or illogical the distinction may be, summary proceedings for petty offenses leading to disorder have been considered, not as prosecutions for crimes, but for offenses against police regulations."

Upon the evidence the learned magistrate had no authority to make a summary disposition of the case against the defendant, but he should have entertained a complaint of disorderly conduct as provided in section 720 of the Penal Law, which makes it a misdemeanor for "Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person in any place or with the passengers of any public stage, railroad car, ferry boat, or other public conveyance, or who shall disturb or defend the occupants of such stage, car, boat or conveyance, by any disorderly act, language or display, although such act, conduct or display may not amount to an assault or battery."

Had the magistrate acted under section 720, *supra,* he would have had jurisdiction of the charge against the defendant for the purpose of holding him for trial in the Court of Special Sessions.

For the reasons herein stated, the judgment of conviction must be reversed and the defendant is remanded to the City

Magistrates' Court, so that a proper charge may be formulated against him.

Judgment of conviction reversed, and defendant remanded to the City Magistrates' Court.

Judgment reversed.