THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSE PARKER, Respondent, *v.* MOTHER SUPERIOR, OR KEEPER OF THE HOUSE OF GOOD SHEPHERD, IN BOROUGH OF BROOKLYN, CITY OF NEW YORK, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, February 26, 1925.

Crimes — vagrancy under Tenement House Law, § 150 — habeas corpus for release of relator committed before magistrate to Roman Catholic House of Good Shepherd, Brooklyn, under Laws of 1920, chap. 295 — magistrate had jurisdiction under Code of Criminal Procedure, § 891-a, to try relator and commit her — vagrancy not misdemeanor within Inferior Criminal Courts Act of the City of New York, §§ 43 and 44 — sentence was authorized by Inferior Criminal Courts Act, § 89, as amended, Code of Criminal Procedure, § 891-a, and Laws of 1920, chap. 295 — commitment describes vagrancy under Tenement House Law, § 150 — Laws of 1920, chap. 295, § 2, applied.

A magistrate of the city of New York had jurisdiction under section 891-a of the Code of Criminal Procedure to commit the relator to the Roman Catholic House of Good Shepherd for vagrancy under section 150 of the Tenement House Law on a charge that she offered to commit an act of sexual intercourse and exposed her person for the purpose of having unlawful sexual intercourse, for said act so charged is not a misdemeanor within the meaning of sections 43 and 44 of the Inferior Criminal Courts Act of the City of New York, and, therefore, the provision of said section 44, that a trial of a person charged with the violation of the provision of the Tenement House Law can only be had before a magistrate with the consent of the defendant after he is informed of his right to be tried by three justices at the Court of Special Sessions does not apply, and the failure of the magistrate to so inform the relator did not deprive him of jurisdiction.

The sentence imposed was authorized by section 89 of the Inferior Criminal Courts Act, as amended, by section 891-a of the Code of Criminal Procedure, and also by chapter 295 of the Laws of 1920.

The commitment sufficiently described the crime of which the relator was convicted and will not be held defective, especially in view of section 2 of chapter 295 of the Laws of 1920, which provides that a commitment shall not be invalid by reason of any imperfection or defect in form, since it appears that the commitment consists of two documents, one, addressed to the Mother Superior of the Roman Catholic House of Good Shepherd, which directs that the relator be received and safely kept in that institution, pursuant to chapter 295 of the Laws of 1920, as amended, for the term the law prescribes, in which document it is stated that the relator has been found guilty of the offense of exposing her private parts and offering to commit an act of prostitution in violation of law, and the other document, which is indorsed upon the first one, consists of the minutes of the proceeding before the magistrate in which it appears that the defendant was informed that she was " charged with the offense of Vio. Ten. house Law (Vag)."

While the sufficiency of the commitment would be much clearer if it contained an allegation that the acts complained against were committed in a tenement

house, still it is stated in the commitment that the alleged act constituted a violation of the Tenement House Law, and since this act could only violate that law by being committed in a tenement house, the commitment may be held to be sufficient, especially in view of the provision of section 2 of chapter 295 of the Laws of 1920.

APPEAL by the People of the State of New York from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 25th day of November, 1924, sustaining a writ of habeas corpus and discharging the petitioner from the custody of the House of the Good Shepherd, Brooklyn; remanding her to the Court of Special Sessions, to be there prosecuted according to law, and directing bail pending such prosecution.

*Henry J. Walsh, Assistant District Attorney [Charles J. Dodd, District Attorney,* with him on the brief], for the appellant.

*Walter L. Rathborne,* for the respondent.

JAYCOX, J.:

The relator was arrested by a police officer, without a warrant, for making an " offer to commit an act of sexual intercourse " and exposing her person " for the purpose of having unlawful sexual intercourse " in a tenement house on August 26, 1924, in violation of the Tenement House Law, and prays that she be adjudged a vagrant pursuant to article 8, section 150, chapter 99, Laws of 1909, of the Consolidated Laws, as amended by chapter 598 of the Laws of 1913. Section 150 of the Tenement House Law, mentioned in the complaint, had also been amended by chapter 286 of the Laws of 1915 and chapter 533 of the Laws of 1921, and as thus amended, so far as material, reads as follows:

" § 150. Vagrancy. A person who:

" 1. Solicits another to enter a house of prostitution or a room in a tenement house or any part thereof for the purpose of prostitution; or,

" 2. Indecently exposes the private person for the purpose of prostitution or other indecency; or, * * *

" 5. Keeps or maintains a house of prostitution, assignation or ill-fame of any description in a tenement house, or who lets or permits the use of a room or rooms in a tenement house for such purpose, shall be deemed to be a vagrant, and upon conviction thereof shall be committed to the county jail for a term not exceeding six months from the date of commitment, or, if the person convicted is a female she may be placed upon probation except in the following cases: (a) when the offense was that of keeping or maintaining a house of prostitution, assignation or ill-fame in a

tenement house, or (b) when the female has been convicted previously of any offense or crime. The procedure in such case shall be the same as that provided by law for other cases of vagrancy."

Title 6 of part 6 of the Code of Criminal Procedure relates to proceedings against vagrants and all the proceedings therein mentioned are to be taken before magistrates. A court is mentioned but once under this title and that is in section 891-a (as added by Laws of 1919, chap. 502), which authorizes a court or judge to commit persons convicted in a city of a violation of subdivision 4 of section 887 of the Code of Criminal Procedure (as amd. by Laws of 1919, chap. 502) to a reformatory or house of refuge. I think no limitation upon the power or jurisdiction of a magistrate can be inferred from the use of the word " court " in this connection, especially when used as an alternative to the judge, thus indicating that a judge has the same jurisdiction as a court. It would seem to be clear from the provisions of this title that a magistrate has power to try and commit persons charged with vagrancy.

The relator claims — and the court at Special Term has decided — that that power can only be exercised by a magistrate sitting as a court of Special Sessions and after the provisions of sections 43 and 44 of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659, as added by Laws of 1915, chap. 531) have been complied with. Section 43, so far as applicable, reads as follows:

" § 43. Power of city magistrates. A Court of Special Sessions may be held in the city of New York by any one city magistrate where the offense charged is one of the following classes of misdemeanor:    *    *    *

" g. Any violation of any provision of the Tenement House Law."

Section 44 provides that a trial can only be had " with the consent of the defendant, after informing him of his right to be tried by three justices at the Court of Special Sessions." In this case the defendant was not so informed and it is claimed that this deprived the magistrate of jurisdiction. The language of subdivision " g " of section 43 of the Inferior Criminal Courts Act is broad enough to and would embrace all violations of the Tenement House Law if it were not limited by another provision of that section. This limitation is expressed in the first sentence of the section and limits its application to " misdemeanors." As under the provisions of the Tenement House Law above quoted a person guilty of the conduct of which this relator is accused is " deemed to be a vagrant " and " the procedure in such case shall be the same as that provided by law for other cases of vagrancy," it

becomes necessary to inquire whether under the decisions in this State vagrancy is considered a misdemeanor. In *People* v. *O' Neill* (117 App. Div. 826) this court, by GAYNOR, J., said: " By the charter of the city of New York a city magistrate may not hold a court of Special Sessions and try misdemeanors as formerly. He may only try, but not as a court, charges of those lesser things which do not amount to misdemeanors, of which vagrancy, or being a disorderly person, or that a child begs, or is without proper guardianship, and the like, are examples (Code Crim. Proc. §§ 887, 899; Penal Code, § 291*). These are not crimes but only conditions."

The Court of Appeals in *People ex rel. Burke* v. *Fox* (205 N. Y. 490, 494) expressed the same idea in this language: " There are many minor offenses, colloquially classified as crimes, which are merely violations of police regulations. Vagrancy, public drunkenness, various kinds of disorderly conduct, and other minor offenses fall within this category and have from time immemorial been the subject of summary disposition in magistrates' tribunals." (See, also, *Steinert* v. *Sobey*, 14 App. Div. 505, and *See* v. *Wormser*, 129 id. 596, 597.)

It is clear from these decisions that vagrancy is not a misdemeanor and that sections 43 and 44 of the Inferior Criminal Courts Act are not applicable thereto. The sentence imposed was authorized by section 89 of the Inferior Criminal Courts Act (as amd. by Laws of 1913, chap. 372, and Laws of 1914, chap. 454); by section 891-a of the Code of Criminal Procedure (as added by Laws of 1919, chap. 502), and also by chapter 295 of the Laws of 1920.

It is also claimed that the commitment is defective. The commitment consists of two documents, one being addressed, among others, to the " Mother Superior of the Roman Catholic House of Good Shepherd," and directs that the relator be received and safely kept in that institution pursuant to chapter 295 of the Laws of 1920, as amended, for the term the law prescribes. In this document it is stated that the defendant has been found " guilty of the offense of exposing her private parts and offering to commit an act of prostitution in violation of law." The other document is indorsed upon the one above described and consists, apparently, of the minutes of the proceedings before the magistrate. In this document it appears that the defendant was informed that she was " charged with the offense of Vio. Ten. house Law (Vag)." To be valid a commitment generally is required to set forth the crime alleged against a person with convenient certainty. It must contain a statement of the nature of the crime. (*People ex rel. Allen* v. *Hagan*, 170 N. Y. 46, 49.) It is true that in this commit-

---

* Now Penal Law, § 486.— [REP.

ment the statement of the crime or its nature is very meagre, but I think it can readily be ascertained from it just what the relator did that constituted an offense and the name of the offense committed by her. She has been adjudged to be a vagrant because in violation of the Tenement House Law she was guilty of " exposing her private parts and offering to commit an act of prostitution." If the commitment contained an allegation that these acts were committed in a tenement house, the sufficiency of the commitment would be very much clearer. However, it charged that by her indecent exposure and offer to commit an act of prostitution the relator violated the Tenement House Law and this act could only violate that law by being committed in a tenement house. Section 2 of chapter 295 of the Laws of 1920, however, provides: " No commitment made under this act which shall recite the fact upon which it is based, shall be deemed or held to be invalid by reason of any imperfection or defect in form." The commitment in question, I think, clearly recited the fact upon which it is based.

The order sustaining the writ should be reversed on the law, the writ dismissed, and the relator remanded.

KELLY, P. J., RICH, KELBY and YOUNG, JJ., concur.

Order sustaining writ reversed on the law, writ dismissed, and the relator remanded.