THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JAMES B. SCHAEFER, Defendant.

Supreme Court, Special Term, New York County, September 17, 1942.

*Frank S. Hogan, District Attorney* (*Herman T. Stichman* of counsel), for plaintiff.

*Irving Mendelson* for defendant.

NULL, J. The defendant applies for the issuance of a certificate of reasonable doubt.

He alleges that he was unlawfully sentenced to imprisonment in the State penitentiary on the theory that he had pleaded guilty to an indictment charging grand larceny. The defendant contends that he did not plead guilty.

Affidavits have been submitted on behalf of the People of the State of New York and on behalf of the defendant. Any attempt to reconcile the divergent accounts of what occurred when the defendant was arraigned in the Court of General Sessions, would be futile. For the purpose of this application they may be disregarded. It is the record itself which must be determinative of the defendant's right to the relief which he seeks.

The certified extract of the minutes of the Court of General Sessions of the record in this case, contains an entry made on March 24, 1942, by the clerk of that court as follows: "The defendant by leave &c. withdraws his plea of not guilty and now Pleads guilty of the crime of Grand Larceny, First Degree, as charged in the first count of the Indictment, to cover all counts of the indictment."

The pertinent part of the stenographic transcript reporting the arraignment of the defendant before the court on March 24, 1942, as certified by the official stenographer, reads as follows: "ASSISTANT DISTRICT ATTORNEY SCULLY, For the People. WILLIAM MACY, ESQ., For the Defendant. (The defendant is arraigned at the bar.) MR. MACY: I respectfully request that the defendant be permitted to change his plea to guilty to the first count. MR. SCULLY: That is grand larceny in the first degree. THE COURT: To cover all counts. THE CLERK: James B. Schaefer, you now withdraw your plea of not guilty and you plead guilty of the crime of grand larceny in the first degree as charged in the first count, to cover all counts of the indictment. (Defendant sworn. Pedigree taken.) THE COURT: What date? MR. MACY: May we have April 14th, and bail continued? MR. SCULLY: No objection. THE COURT: April 14th."

The stenographic minutes affirmatively show that the defendant did not himself interpose a plea of guilty although his counsel did.

Section 335 of the Code of Criminal Procedure provides that: "A plea of guilty can only be put in by the defendant himself in open court, except upon an indictment against a corporation, in which case, it may be put in by counsel, and except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations."

The statute is plain and unequivocal. It is consistent with the traditional safeguards established for the protection of persons charged with crime. I am persuaded that the defendant was aware of the plea of guilty made by his counsel. He stood by and made no objection. Counsel, however, could not plead guilty for the defendant because the statute only author-

izes such a plea by defendant himself. (*People* v. *Welsh*, 88 App. Div. 65.) I do not find this view to be challenged by the District Attorney.

The District Attorney urges, however, that the official stenographic minutes are not properly part of the record of the proceedings in the Court of General Sessions. I cannot subscribe to that contention. Section 456 of the Code of Criminal Procedure constitutes the stenographic transcript as minutes of a trial and requires its inclusion in the judgment record. Moreover, it has been held that a conviction upon a plea of guilty is the equivalent of a trial.

In *People ex rel. Burke* v. *Fox* (150 App. Div. 114, 115; affd., 205 N. Y. 490), the court stated: "A conviction upon a plea of guilty is a trial just as much as a conviction upon evidence taken. The result is the same."

At all events, even this question is one that should receive the attention of the appellate court.

I am satisfied that the questions of law raised by the defendant are meritorious and warrant the consideration of the Appellate Division. A certificate of reasonable doubt will issue to the defendant. The court will hear the District Attorney and defendant's counsel on the subject of bail in chambers on September 18, 1942, at 2:30 P. M.