Vincent A. Lupiano, J.
The petitioner is a nonresident. He alleges that he is the defendant in an action brought by the People of the State of New York upon the complaint of a patrolman of the charge of the offense of disorderly conduct (Penal Law, § 722), and that he was brought before the Magistrates’ Court by summary arrest, and before the respondent. Upon the hearing, the petitioner was held to answer for the offense charged on trial at the Magistrates’ Court of the City of New York. This proceeding is based, in addition, upon the minutes taken at the proceedings held before the respondent *303 on September 5, 1959. It appears therefrom and it is alleged in the petition that this petitioner there moved for dismissal of the complaint and for his discharge upon the ground that the court had no jurisdiction over the defendant; it being contended that he was improperly brought before the court by the process of summary arrest. The motion was denied.
Petitioner now moves for an order prohibiting the respondent from continuing to take jurisdiction over him, and compelling the respondent to dismiss the complaint against the defendant.
The principal contention is that there is no jurisdiction in the Magistrate to proceed where a person charged with the police offense of disorderly conduct is brought before the court in the first instance by the process of summary arrest. In People ex rel. Burke v. Fox (150 App. Div. 114) the relator was arrested and immediately taken before a City Magistrate upon the charge of disorderly conduct tending to a breach of the peace. He pleaded not guilty, was tried, convicted and sentenced. Having obtained a writ of habeas corpus, the relator contended that her imprisonment was illegal by reason of the fact that the trial, conviction and sentence were had on a Sunday. However, the question embraced the power and jurisdiction of the Magistrate to entertain a complaint based upon a charge of disorderly conduct upon a summary arrest. It was held that jurisdiction obtained for the hearing of an offense on Sunday where to do so was necessary to preserve the peace. That holding is therefore authority for the proposition that the Magistrate had jurisdiction over the person of the defendant where he comes before the court by the process of summary arrest. On appeal the Court of Appeals held (205 N. Y. 490, 496): “ We think the offense charged against the relator was not a crime in the strict sense of that term, but an offense against a police regulation which the Magistrates’ Court had the power to dispose of summarily on Sunday as on other days of the week.” (See, also, Steinert v. Sobey, 14 App. Div. 505; People v. Kaufman, 165 Misc. 670; People v. Phillips, 284 N. Y. 235, 238.)
Moreover, as noted, this petitioner, as defendant, sought the same relief by motion before the Magistrate and his application was there denied. Such an intermediate order is also appeal-able upon an appeal from a conviction should the petitioner be convicted after trial. Such right of review by appeal is sufficient protection of the constitutional rights of the petitioner in the absence of the appearance of any extraordinary circumstance (Matter of Barber v. Richardson, 176 Misc. 210, 212). The cross motion is granted and the petition is dismissed.