GOODMAN, Appellant, v. KARNS, Commissioner of Motor Vehicle Department, Respondent.

*November 3—November 30, 1965.*

141

For the appellant there was a brief by *Herbert L. Usow*, attorney, and *Robert Sanderson* of counsel, both of Milwaukee, and oral argument by *Mr. Usow*.

For the respondent the cause was argued by *Roy G. Mita*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, and *Beatrice Lampert*, assistant attorney general.

GORDON, J.  The commissioner of the Motor Vehicle Department on March 25, 1965, revoked Mr. Goodman's operator's license for a period of one year from February 24, 1965.  This revocation was based upon the commissioner's determination that the records of his department showed that Mr. Goodman had been convicted of a 12-point driving violation on February 24, 1965.  The commissioner's order of revocation refers to the conviction as "no driver's license," but it also reflects that 12 points were assessed for the offense.

The offense for which the county court entered a conviction against Mr. Goodman was driving without a license, which is a four-point violation pursuant to the regulations of the Motor Vehicle Department.  MVD 11.03 (14) (b).  In assessing 12 points, the commissioner relied on that portion of sec. 11.03 (14) (c) of the regulations, which relates to driving after revocation and for which offense the regulation assesses 12 points.

The commissioner contends that notwithstanding the finding of the county court, Mr. Goodman was in fact driving after revocation and as such was chargeable with the sum of 12 points rather than four.  It is the commissioner's position that regardless of the court's action the records of the Motor Vehicle Department establish that Mr. Goodman was driving after his driving privileges

had been revoked and, therefore, that it was within the commissioner's discretion to treat the latest offense as a 12-point violation.

Counsel for the commissioner acknowledged at the oral argument before this court that the commissioner did not revoke Mr. Goodman's license under the broad discretionary power which he is given by sec. 343.32 (2), Stats., to revoke the license of one who is "an habitually reckless or negligent operator." Instead, the commissioner has relied upon the point schedule contained in regulation MVD 11.03. While this regulation grows out of the commissioner's discretionary power under sec. 343.32 (2), it purports to affix point values for various types of convictions. In sec. (14) (c) of this regulation, 12 points are assessed for a conviction for operating a motor vehicle while one's operating privilege is revoked.

While the foregoing regulation authorizes the commissioner to assess points based upon a *conviction,* it surely does not authorize the assessment of points in contradiction of a conviction. In the instant case, the commissioner assessed points on the basis of an offense which was more serious than that for which the driver was actually convicted; this represents administrative action in direct contravention of a judicial judgment. The administrative action is therefore invalid and must be set aside.

We recently addressed ourselves to this type of problem in *State ex rel. Eastman v. Burke* (1965), 28 Wis. (2d) 170, 178, 136 N. W. (2d) 297:

"We feel compelled to note that we do not approve of the opinions of the attorney general in 27 Op. Atty. Gen. (1938), 329 and 31 Op. Atty. Gen. (1942), 3, to the effect that the state department of public welfare may disregard as mere surplusage a direction of the sentencing court that the defendant be given credit for time previously served for the same offense.

"In this instance the sentence imposed was not less than fourteen years and not more than twenty-five years.

These limitations were the minimum and maximum as provided by sec. 340.08, Stats. 1943. Can it be said that the trial court in performing its judicial function did not take into consideration the fact that credit for time served was to be given to the defendant in fixing the maximum of twenty-five years? We think not. Even if the direction and order of the trial court as to credit for time served was erroneous, it was not void and the state department of public welfare may not disregard it. The state, and its agent, the department, should be left with the same remedies as any other litigant, namely rehearing at the trial court, or writ of error."

In our opinion, the commissioner was not free to disregard the court's judgment. If the judgment were deemed incorrect, there should have been a direct challenge to it either by a motion for rehearing or by appeal. The commissioner was not entitled to ignore it or to decide administratively that it was incorrect.

While we are inclined to believe that upon the facts of this case Mr. Goodman was properly convicted of "driving without a license" rather than "driving after revocation," it is really immaterial in determining the action which must be taken by this court relative to the commissioner's order. This is because of the fact that whether the conviction was right or wrong its effect is binding unless altered by due process of law. Mr. Goodman was bound by the court's judgment and was entitled to rely upon its being accepted and respected by the state and its agencies.

Upon the remand the circuit court should enter an order vacating the commissioner's revocation of Mr. Goodman's license.

*By the Court.*—Order reversed, and cause remanded with directions.