### THE PEOPLE *v.* LANSING R. PUTNAM.

Under the act entitled "An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16th, 1857, being intoxicated in any public place is a criminal offence: but it is not punishable summarily before a magistrate; unless the accused elects to be thus tried, the act having secured to him the right, in all cases, to give bail to appear before the next Court of Oyer and Terminer or Sessions, to be held in the county, and to be tried only upon indictment by a grand jury.

THE prisoner was arrested and brought before a justice of the peace, charged with having been found intoxicated in the public streets. His counsel claimed the right to give bail, and presented a recognizance with two sufficient sureties conditioned for his appearance at the next Onondaga Court of Sessions. The justice held that the statute required that

The People *v.* Putnam.

the offence should be summarily disposed of, and refused to take bail. The prisoner's counsel thereupon sued out a writ of *habeas corpus* before the Hon. Daniel Pratt, justice of the Supreme Court, and the case was argued on the return setting forth the above stated facts.

*John A. Clark*, for the prisoner.

*Henry S. Fuller* (District Attorney), for the people.

PRATT, J.— The Maine law, as it is called, is repealed in express terms by the license law of the last session of the legislature. The prisoner, therefore, if punishable at all, must be punished by force of the last act, and by the method of procedure therein provided. The material inquiry, therefore, is to ascertain what method of procedure for the punishment of persons found intoxicated in public places is provided for in that act.

I may premise in the first place that there is no constitutional difficulty in the way of making this offence punishable summarily. That instrument provides that the right of trial by jury, in all cases in which it has heretofore been used, shall remain inviolate forever.

From the first organization of this state, and even while it was a colony, the higher crimes could only be tried by a common law jury of twelve men, and that upon presentment by indictment of a grand jury. There were certain crimes of the grade of misdemeanor which courts of special sessions had jurisdiction to try, provided the accused neglected, for a certain specified time, to give bail for his appearance at a Court of Oyer and Terminer or Sessions. By giving such bail, the accused could have the benefit of a trial by jury in all cases of misdemeanor. The constitution, therefore, secures to persons charged with misdemeanors the right of trial by jury thus qualified, and a provision of the Maine law depriving the accused of this right, and giving the magis-

trate absolute power to try him summarily, was held by the
Court of Appeals to be unconstitutional.

But there was always a class of persons or offenders, who,
from the commencement of the government, have been
accustomed to be dealt with summarily before inferior
magistrates, and to whom the right of trial by jury has not
been granted.  These were classed under the heads of
vagrants and disorderly persons.  Among the latter, by the
Revised Statutes, were classed drunkards.  Persons found
intoxicated in the public streets and places of the city might,
therefore, well be classed in the same category, and provision
be made for their summary conviction and punishment.

But the serious question is, does the license law now in
existence make provision for such summary conviction and
punishment?  After a careful examination of the act, I have
been unable to find any such provision.

The act contains no specific directions in regard to the
trial before a magistrate of offences against its provisions.
The sixteenth and seventeenth sections seem to contain the
only provisions in relation to the procedure before the magis-
trate before whom the accused shall be brought.  The
sixteenth section makes it the duty of certain officers therein
specified to arrest all persons found actually engaged in the
commission of any offence in violation of the act, and forth-
with carry them before any magistrate of the same city or
town, who, on sufficient proof that such offence has been
committed, unless such person shall elect to be tried before
such magistrate, shall take a bond from the accused to appear
at the next Court of Oyer and Terminer or Sessions to be
held in the county, or commit him to jail to await the action
of such court.

This section also makes it the duty of magistrates to enter-
tain complaints of any violations of the act, and to issue
warrants to bring the accused before them, making the same
provisions for their trial as in the case of those arrested with-
out process.

The People *v.* Putnam.

The seventeenth section provides for the arrest of persons found intoxicated in public places, and for their examination before the magistrate, for the purpose, as it would seem, of ascertaining the cause of such intoxication, and who sold or gave to the accused the liquor; and the section adds, " such intoxication being hereby declared to be an offence against the provision of this act, punishable upon conviction by a fine of ten dollars and costs, at the same rate as in Court of Special Sessions," with imprisonment, not to exceed ten days, until paid.

There is no provision for summary trial and conviction, nor for any trial before the magistrate, except that contained in the sixteenth section. The twenty-ninth section makes it the duty of the courts to charge grand jurors to inquire into all offences against the provisions of the act, and to present all offending under the act for trial. The only reasonable conclusion would seem to be that as there is no provision in the act for the trial and conviction before the magistrate for offences against the provisions of the act, except when the accused shall elect to be thus tried, such offences can only be tried upon indictment in a Court of Oyer and Terminer or Sessions, except in case of an election by the accused to be tried by the magistrate.

This would seem to follow from the absence of affirmative provisions conferring upon the magistrate this power to try, and convict summarily, as there is no principle better settled than that courts and officers of inferior jurisdictions have no common law jurisdiction, but can exercise jurisdiction only in cases specially conferred upon them by statute. But in this act there seems to be more than mere absence of any provisions for the exercise of this power. The magistrate, as I construe the act, is, by express provision, excluded from trying the accused summarily, except he elects thus to be tried. By the seventeenth section, being intoxicated in a public place is made an offence against the provisions of the act; and, by section sixteen, persons proved to have com-

mitted such offences, unless they elect to be tried before the magistrate before whom they are brought, are to give bail, or be committed to await the action of a grand jury.

In addition, the twentieth section makes it the duty of courts to charge grand jurors to inquire into all offences against the provisions of this act, and to present all offenders under the act. The precise expression is here used which is used in the seventeenth section, to define the crime of being intoxicated in a public place.

Taking these three sections together, it seems to me that the only fair construction of which they are susceptible is, that intoxication is to be dealt with in the same manner as other offences against the provisions of the act.

It is with deep regret that I feel forced to come to this conclusion, as I look upon this as one of the most important of the remedial portions of the act, provided the jurisdiction had been conferred upon the local magistrate of trying and convicting summarily for the offence. Without this power, much of the benefit and efficiency of such a provision cannot be realized.

The prisoner must therefore be discharged, on his executing the necessary bond.