(117 App. Div. 826)

PEOPLE v. O'NEILL.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

INFANTS—VAGRANT CHILDREN—APPEAL—JURISDICTION.

An appeal from an order of a justice of the New York Court of Special Sessions in the children's court, committing a vagrant child, under Pen. Code, § 291, lies to the County Court, as expressly authorized by Code Cr. Proc. § 749; New York City Charter, Laws 1897, p. 503, c. 378, § 1414, providing for certain appeals from the Court of Special Sessions to the Appellate Division of the Supreme Court, being inapplicable.

Appeal from Kings County Court.

Mary O'Neill was committed to the custody of an institution under Pen. Code, § 291, and she appeals from an order of the County Court of Kings County dismissing her appeal. Reversed.

An order was made by a single justice of the Court of Special Sessions in the children's court in the borough of Brooklyn committing this appellant, a female child under 16 years of age, to the custody of an institution under section 291 of the Penal Code, on the ground that she did not have proper guardianship (subdivision 2). An appeal therefrom to the County Court of Kings county was dismissed on the ground that the appeal did not lie to that court but to this court.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Walter Lester Glenney, for appellant.
Peter P. Smith, for the People.

GAYNOR, J. By the charter of the city of New York a city magistrate may not hold a Court of Special Sessions and try misdemeanors as formerly. He may only try, but not as a court, charges of those lesser things which do not amount to misdemeanors, of which vagrancy, or being a disorderly person, or that a child begs, or is without proper guardianship, and the like, are examples. Code Cr. Proc. §§ 887, 889; Pen. Code, § 291. These are not crimes but only conditions. Such

Courts of Special Sessions have to be held by justices specially appointed for that purpose, and three must sit to make a court. Laws 1897, p. 500, c. 378, tit. 3, § 1405 et seq. And appeals from such courts are the same as from judgments on indictments, viz., to the Appellate Division of the Supreme Court (section 1414).

By subsequent sections of this same title of the charter, which came in as amendments or additions after the charter was in effect, the justices of Special Sessions of the First division (Manhattan and Bronx boroughs), and those of the Second division (Brooklyn, Queens and Richmond boroughs), are respectively required to assign "a separate part for the hearing and disposition of cases heretofore within the jurisdiction of city magistrates involving the trial or commitment of children, which part shall be called a children's court." The children are to be under 16 years of age. It is then provided that the "justice or justices" holding such a court shall "have all the powers, duties and jurisdiction now possessed by the city magistrates in such cases" and shall "supersede" such magistrates therein. This, be it observed, relates only to magisterial powers and duties, which it confers on the justices of the Special Sessions Courts, whereas theretofore they could not act as magistrates, but only as a Court of Special Sessions. It is also provided that in the trial of such children on charges of misdemeanors one of such justices instead of three may constitute such children's court of Special Sessions unless the defendant objects thereto. Laws 1903, pp. 361, 363, c. 159, §§ 1418, 1419.

In the foregoing system no appeals are provided for by the city charter except by section 1414, and that only provides for appeals from convictions by courts of Special Sessions. Other appeals, i. e., from orders or judgments of magistrates are left as they were. The transfer of the trial of those lesser charges not amounting to crimes against such children from the city magistrates, who theretofore tried them, to the justices of the children's court of Special Sessions, as magistrates—i. e., from one set of magistrates to another set—did not change the method of appeal in such cases. Section 749 of the Code of Criminal Procedure regulates appeals from magistrates, and requires them to be to the County Court.

The order should be reversed, and the appeal heard in the County Court. All concur.