## PEOPLE v. THOMAS.

(Kings County Court. April 14, 1909.)

1. CRIMINAL LAW (§ 90*)—JUSTICES OF THE PEACE—JURISDICTION.
  Police magistrates or justices of the peace in hearing misdemeanor charges act as Courts of Special Sessions, and in trying lesser things not amounting to crimes they act as magistrates.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 129–136; Dec. Dig. § 90.*]

2. CRIMINAL LAW (§ 260*)—APPEAL—SERVICE.
  On a criminal appeal from a justice of the peace or police magistrate the affidavit and allowance of appeal should be delivered to the clerk of the court, under Code Cr. Proc. § 755, but on appeal in cases involving lesser things which are not crimes, but only conditions, the affidavit and allowance must be served on the magistrate rendering the decision.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 573; Dec. Dig. § 260.*]

3. CRIMINAL LAW (§ 90*)—NEW YORK CRIMINAL COURTS—JURISDICTION.
  Before New York City Inferior Criminal Courts Act (Laws 1910, c. 659) § 72, the city magistrates could not act as Courts of Special Sessions having jurisdiction over misdemeanors in any case.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 129–136; Dec. Dig. § 90.*]

4. CRIMINAL LAW (§ 260*)—APPEAL—PROCEDURE.
  Affidavit and allowance of appeal from a conviction by a city magistrate of disorderly conduct must be delivered to the magistrate personally, under Code Cr. Proc. § 755.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 573; Dec. Dig. § 260.*]

Walter K. Thomas was convicted of disorderly conduct, and he appeals. On motion to dismiss the appeal. Motion overruled conditionally.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John F. Clarke, Dist. Atty. (Peter P. Smith, Asst. Dist. Atty., of counsel), for the motion.

Purdy, Squire & Rowe (Allan C. Rowe, of counsel), opposed.

FAWCETT, J.   The defendant was tried and convicted of disorderly conduct before a city magistrate, sitting in the City Magistrate's Court of the City of New York, Second Division, Third District, on August 11, 1910, and fined $10.   On October 6, 1910, an appeal was duly allowed to the County Court by a justice of the Supreme Court. Defendant filed the affidavit and allowance of appeal with the clerk of the said Third District Court.   The clerk has made a return.

The district attorney moves to dismiss on the ground that the affidavit and allowance should have been delivered to the magistrate who presided at the trial and the return should have been made by the magistrate, as prescribed in section 756, Code Cr. Proc.

The question at issue depends entirely on whether the magistrate presiding tried the issue as a magistrate or as a court.   Justices of the peace, besides their civil jurisdiction, have long acted as magistrates in issuing warrants for crimes, in conducting examinations, and in trying those lesser charges which do not amount to misdemeanors, and as Courts of Special Sessions in trying specified misdemeanors.   In many cities and villages of the state police courts were subsequently established, the magistrates having all the power of the justices of the peace, except jurisdiction in civil matters.   The recent decision in the case of People v. Gillette, 200 N. Y. 275, 93 N. E. 953, involves a court of that nature.   Police Courts are Courts of Special Sessions within the meaning of the Code of Criminal Procedure.   Section 74, Code Cr. Proc.   Police magistrates or justices of the peace in hearing and determining charges of misdemeanors over which they have jurisdiction act as Courts of Special Sessions.   In trying those lesser things not amounting to crimes they act as magistrates.   People v. O'Neill, 117 App. Div. 826, 102 N. Y. Supp. 988.   In appealing from judgments of such justices of the peace or police magistrates involving crimes, the affidavit and allowance of appeal should be delivered to the clerk of the court, if there is one.   Section 755, Code Cr. Proc.   In appealing from the judgment of conviction rendered by one of the same judicial officers, involving those lesser things which are not crimes, but only conditions, the affidavit and allowance must be served on the magistrate rendering the decision.

Prior to the enactment of section 72, c. 659, Laws 1910, known as the "Inferior Criminal Courts Act of the City of New York," the city magistrates of the city of New York could not act as Courts of Special Sessions having jurisdiction over misdemeanors in any case.   People v. Patterson, 38 Misc. Rep. 81, 16 N. Y. Cr. R. 508, 77 N. Y. Supp. 155; People v. O'Neill, supra.   In appeals from judgments rendered by them as such magistrates the affidavit and allowance had to be delivered to the magistrate personally in order to strictly conform to the provisions of section 755, Code Cr. Proc.   And the return had to be made by the magistrate as provided by section 756, Code Cr. Proc. Section 72, c. 659, Laws 1910, makes the City Magistrates Courts Police Courts within the provisions of the Code, preserves to the city

magistrates the power formerly possessed by them, and confers the jurisdiction of a Court of Special Sessions in cases of a plea of guilty to violating the vehicle law, first offense, and in cases of violation of the law for the prevention of cruelty to animals. The present city magistrates in rendering judgment in cases of violation of the vehicle law, first offense, and in cases of violation of the law for the prevention of cruelty to animals, act as a court, and in case of appeal the affidavit and allowance would be properly delivered to the clerk of the court.

But in rendering judgment in such matters as disorderly conduct they act as magistrates, and the affidavit and allowance must be delivered to the magistrate personally, in order to strictly comply with section 755, Code Cr. Proc. The magistrate must personally make the return in compliance with section 756. In case the magistrate neglects or refuses to make such return, it may be compelled under section 757 of the Code. A further or amended return may be compelled under section 758 of the Code. It is not necessary to decide whether or not a return by the clerk, where the judgment has been rendered by the magistrate acting as a court, would be sufficient on appeal. There are no provisions for the settling by the magistrate of the case on appeal, and it would be dangerous to hear appeals on records not settled or directly made by the magistrate presiding at the trial.

The defendant having in good faith attempted to perfect his appeal, he will be permitted to deliver the affidavit and allowance to the magistrate within five days, and secure a proper return by the magistrate within the time prescribed by the Code. Upon his failure so to do, the motion will be granted. Submit order.