(166 App. Div. 605)

### PEOPLE v. FOWLER.   (No. 6926.)

(Supreme Court, Appellate Division, First Department.   March 19, 1915.)

INFANTS ⊜⇒19—PROCEEDINGS FOR COMMITMENT—COURT OF SPECIAL SESSIONS
—APPEALS.

Under Laws 1910, c. 659, § 38, making the determination of a justice of the Court of Special Sessions sitting in the Children's Court the determination of the Court of Special Sessions, unless objections shall be interposed before the time of pleading, and section 40, providing that appeals from the Court of Special Sessions must be to the Appellate Division of the Supreme Court, the Bronx County Court had no jurisdiction over an appeal from a judgment of commitment by a justice of the Court of Special Sessions sitting in the Children's Court for the County of Bronx.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 19; Dec. Dig. ⊜⇒19.]

Appeal from Bronx County Court.

Commitment proceedings by the People against Lillian Fowler. From a judgment of the Bronx County Court (148 N. Y. Supp. 741), reversing an order of the Children's Court for the County of Bronx, the Protestant Episcopal House of Mercy appeals.   Reversed.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Cornelius J. Sullivan, of New York City, for appellant.

Richard H. Mitchell, Asst. Dist. Atty., of New York City, for plaintiff.

William S. Evans, of New York City, for respondent.

DOWLING, J.   The question raised by the present appeal is whether the County Court of the Bronx has jurisdiction to entertain an appeal from a judgment of commitment made by a justice of the Court of Special Sessions sitting in the Children's Court for the County of the Bronx.

We are of the opinion that since the passage of the "Act in relation to the inferior courts of criminal jurisdiction in the city of New York, defining their powers and jurisdiction and providing for their officers," being chapter 659, Laws of 1910, the County Court had no jurisdiction to entertain such an appeal.   That act provides a consistent, complete, and harmonious scheme for the jurisdiction of the Court of Special Sessions and for the practice on appeal therefrom. All sections hereinafter referred to are those embraced in said act.   By section 3:

The Children's Court "shall be taken to mean a part of the Court of Special Sessions of the City of New York."

Section 35 provides that:

"There shall always be at least one separate part of the Court of Special Sessions in each county designated as the Children's Court for the hearing and disposition of proceedings and cases involving the trial of children."

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 40 provides that:

"If any judgment or determination made by the Court of Special Sessions shall be adverse to the defendant he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner; and if the judgment of the Supreme Court upon such an appeal shall be adverse to the defendant, he may appeal therefrom to the Court of Appeals."

Therefore an appeal from the Children's Court (a part of the Court of Special Sessions) must be taken to this court, unless there is force in the contention of the respondents that, because at the time of the commitment the justice of the Court of Special Sessions was sitting in the case in his capacity as a City Magistrate, an appeal from his determination must be taken to the County Court. It is quite true that section 30 provides that all justices of the Court of Special Sessions are magistrates, and have and may exercise all the jurisdiction and powers, not inconsistent with the act, which are conferred by law upon magistrates. But section 38 provides that one of said justices in attendance on a Children's Court shall possess and exercise, as to all matters arising in the court, all the powers and jurisdiction of the Court of Special Sessions, unless objection shall be interposed before the time of pleading, in which event the trial must be adjourned to a future day, when it shall be had before three justices. It then continues:

"Any order, determination or judgment of one of said justices when sitting alone, pursuant to the foregoing provisions, or any two of said justices when three are sitting, shall be the order, determination or judgment of the Court of Special Sessions."

This seems to be conclusive against the argument of the respondents. Since the determination of the justice sitting in the Children's Court became the determination of the Court of Special Sessions, and since under section 40 an appeal from such determination must be taken to this court, the County Court was without jurisdiction to entertain it, and its judgment must be reversed. The opinion in the case of People v. O'Neill, 117 App. Div. 826, 102 N. Y. Supp. 988, is no longer controlling, because it was based upon considerations arising from the language of the statutes then in existence, and which have either since been repealed or have had no application since the passage of the Inferior Criminal Courts Act. The amendment to the act made by chapter 691, Laws of 1913, by which a new section (39a) was added thereto in relation to the examination and commitment of mentally defective and feeble-minded children, puts such new provision in its proper place before the section regulating appeals, and leaves the whole policy of administration of the law regarding the Children's Court harmonious to date in providing for appeals from all its determinations, as well as from all judgments of the Special Sessions Court whereof it is a part, directly to this court.

The order appealed from will therefore be reversed, upon the ground that the County Court was without jurisdiction to make the same, but without passing upon the merits of the original judgment of commitment, which is not now before us; no appeal having been taken to this court by the defendant. All concur.