## COUNTY COURT — ERIE COUNTY.

### April, 1921.

### THE PEOPLE v. MARTHA HARDING.

(115 Misc. 298.)

VAGRANCY—CODE CRIM. PROC., § 887, SUBD. 4 (e)—WHEN ACCUSED NOT ENTITLED TO JURY TRIAL.

Upon a charge of having violated section 887, subdivision 4 (e) of the Code of Criminal Procedure, the accused is not entitled to a jury trial as matter of constitutional right.

APPEAL from a judgment of conviction.

*Ernest W. McIntyre,* for appellant.

*Guy B. Moore, District Attorney (Frank Bret Thorne, Assistant District Attorney),* for respondent.

NOONAN, J.:

The appellant was tried in the City Court of Buffalo for violating section 887, subdivision 4 (e), of the Code of Criminal Procedure. When arraigned she pleaded " not guilty " and was duly informed of all her rights under the law, and was also represented by able counsel, who then demanded a jury trial, which was denied by the court. The trial then proceeded and the defendant was found guilty.

From this judgment of conviction she has appealed. As the evidence offered leaves no doubt as to her guilt, the only question left for consideration is whether or not the demand for a trial by jury was properly denied.

As the power to punish vagrants under the Code of Criminal Procedure was greatly enlarged by chapter 502 of the Laws of 1919, and as it is now possible under section 891A to impose a sentence, not exceeding three years, to a correctional institution, or to a jail, penitentiary or other penal institution for a period not to exceed one year, it is urged that as the punishment now provided is so much more severe than under the old provisions, the former decisions construing this law are no longer applicable, and that the defendant should now be entitled to a jury trial as a matter of right.

The constitutional provision for a jury trial (art. 1, § 2) is: " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; * * *." This section has reference to a trial by a common-law jury of twelve men (People v. Cosmo, 205 N. Y. 91; People v. Special Sessions, 74 id. 406) and has been in force since 1777. Courts of Special Sessions have existed since 1744 to the present time, but no jury was permitted in these courts until 1824, when the *legislature* provided for a jury of *six* (People v. Justices, 74 N. Y. 406), so that any right that a defendant may have to

a jury trial in a court of Special Sessions is statutory and not constitutional, and hence in the absence of statutory provisions therefor, the defendant is not entitled to a jury trial as a matter of right.

The words " heretofore used " refer to the time which ante-dates the adoption of the original Constitution when the com-mon law was in force (People v. Cosmo, 205 N. Y. 91, citing Duffy v. People, 6 Hill, 75), and we find (see Colonial Act of Sept. 1, 1744) that in 1744 provisions were made for the summary trial, without jury, of all offenses below the degree of grand larceny. Such persons were classed as disorderly persons or vagrants. In People v. Putnam (3 Park. Cr. Rep. 386), Judge Pratt says: " But there was always a class of persons or offenders, who, from the commencement of the government, have been accustomed to be dealt with summarily before inferior magistrates, and to whom the right of trial by jury has not been granted. These were classed under the heads of vagrants and disorderly persons." In People v. McCarthy (45 How. Pr. 97), Judge Davis said: " That the legislature have power to enlarge the class of persons to be affected by laws against disorderly persons and to be summarily tried by the magistrates of the state, seems to be well settled by the authorities."

The only statutory provision that I find relating to jury trials is section 702 of the Code of Criminal Procedure, which reads: " Before the court hears any testimony upon the trial, the defendant may demand a trial by jury." The application of this section is limited to crimes and misdemeanors created and defined by the Penal Law (People v. Van Houten, 13 Misc. Rep. 408; affd., 91 Hun, 638), and, therefore, the appellant has no right to a jury trial under this statutory provision.

Violations of section 887 of the Code of Criminal Procedure are not crimes or misdemeanors but only *quasi* criminal or statutory offenses to be summarily dealt with. (People v.

O'Neill, 117 App. Div. 826; Frank v. Keeper, etc., 38 Misc. Rep. 233, 240; Forster v. Warden, 39 id. 700, 702.)

As it has already been decided (People v. Davis, 143 App. Div. 579) that a law authorizing magistrates to commit women, within certain age limits, to the Bedford Reformatory, on conviction of being common prostitutes, is not unconstitutional in that it authorizes such persons to be restrained of liberty for a period not exceeding three years without provision for a trial by a common-law jury, and as all the cases hold that the right to a jury trial before a magistrate is statutory and not constitutional, and as I find no statutory provisions compelling a magistrate to grant a jury trial in the case at bar, it follows that the denial of a jury trial in the city of Buffalo was right and the judgment of conviction is affirmed.

Judgment affirmed.