The People of the State of New York, Plaintiff, *v.* Alexander Sadowsky, Defendant.

Court of Special Sessions (Police Court, City of Albany, N. Y.), November 16, 1933.

*Herbert Champagne*, for the defendant.

Bergan, J. The defendant is charged with the offense of disorderly conduct, in violation of subdivision 1 of section 722 of the Penal Law (as amended by Laws of 1931, chap. 793), allegedly committed by the use of offensive, disorderly and insulting language, conduct and behavior, under circumstances whereby a breach of the peace might be occasioned.

On the date charged in the information the complainant was a police officer, and the defendant the owner of a rooming house. The complainant, accompanied by another police officer, on that day went to the defendant's rooming house for the purpose of investigating a crime. The officers mounted the stoop of the house and rang the bell. The defendant came to the door, which opened on a public street, a main and busy thoroughfare in the city of Albany. The officers, remaining on the stoop, stated the nature of their business to the defendant. The defendant shouted at them " son of a bitch," and used other abusive and vile names in a tone of voice loud enough to be heard across the street. He then slammed the door.

Upon the arraignment, a jury trial was demanded under the

provisions of section 188 of the Second Class Cities Law. A defendant is not entitled to a jury trial upon the issue raised by a plea of not guilty in that class of offenses defined by subdivision 1 of section 722 of the Penal Law. A "city magistrate" is invested with power to hear, determine and render final judgment. (Penal Law, § 724.) The justice of the Police Court of the city of Albany is a magistrate (Code Crim. Proc. § 146), and is a "city magistrate" (Id. § 147, subd. 6).

It thus appears from the statutory provisions regulating the trial of the offense of disorderly conduct that the police justice has power summarily to determine the issues upon this information. (Penal Law, § 724, added by Laws of 1923, chap. 642.) This is not in conflict with the constitutional guaranty of trial by jury found in section 2 of article 1 of the State Constitution, which provides that "the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." Courts of Special Sessions existed prior to the enactment of the State Constitution in 1777, and it was not until 1824, when provision for a jury of six in Courts of Special Sessions was made by the Legislature, that any jury trials were permitted in these courts. (*People ex rel. Murray* v. *Justices*, 74 N. Y. 406.) It has been said that the constitutional guaranty for a trial by jury refers to a common-law jury of twelve men. (*People* v. *Cosmo*, 205 N. Y. 91.)

There seems to be no provision, either constitutional or statutory, authorizing a trial by jury by a magistrate, and it would seem to follow that in conferring jurisdiction upon city magistrates to "hear and determine" charges of the offense of disorderly conduct by section 724 of the Penal Law, a new power was thereby conferred upon such magistrates. The offense of disorderly conduct, as defined by section 722 of the Penal Law, was unknown at the time of the adoption of the constitutional provision, and was not created until 1923. In *People* v. *O'Neill* (117 App. Div. 826) the Appellate Division of the Second Department, referring to the provisions of the charter of the city of New York, which conferred certain powers on city magistrates, said that such a magistrate might try, "but not as a court, charges of those lesser things which do not amount to misdemeanors, of which vagrancy, or being a disorderly person, or that a child begs, or is without proper guardianship, and the like, are examples." It has likewise been said that violations of section 887 of the Code of Criminal Procedure are not crimes or misdemeanors, but only quasi-criminal or statutory offenses to be dealt with summarily. (*People* v. *O'Neill, supra.*) (See, also, *People* v. *Harding*, 115 Misc. 298.)

In *People* v. *Putnam* (3 Park. Cr. 386) it was said: "But there

was always a class of persons or offenders, who, from the commencement of the government, have been accustomed to be dealt with summarily before inferior magistrates, and to whom the right of trial by jury has not been granted. These were classed under the heads of vagrants and disorderly persons." It has likewise been held that the Legislature has power to enlarge the classes of persons to be affected by laws against disorderly persons and to be summarily tried by the magistrates of the State. (*People* v. *McCarthy*, 45 How. Pr. 97.)

The Legislature, by the enactment of chapter 642 of the Laws of 1923, as amended, enlarged the class of persons who might summarily be dealt with by magistrates as guilty of disorderly conduct, and the intention of the Legislature so to confer jurisdiction upon magistrates seems to have been made explicit by the provisions of section 724 of the Penal Law, enacted in the same chapter. The use of the term " offense " of disorderly conduct indicates that it was the intention, not to create a crime, but a quasi-criminal offense. The demand for a jury trial must, therefore, be denied.

The defendant having taken exception to this ruling, a trial was had, and it becomes necessary to determine whether, from the evidence offered, the offense defined by subdivision 1 of section 722 of the Penal Law was committed. The preamble of this section provides that the offenses enumerated therein must be committed " with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned." Circumstances whereby a breach of the peace may be occasioned cannot arise alone from the opinion or the mental operation of the complainant, but must necessarily arise from a fact or facts, which must be established in the same manner as other facts.

A person who peaceably talks with a thief or other criminal under circumstances whereby no apparent breach of the peace is occasioned, or might be occasioned, could not reasonably be said to have violated subdivision 1 of section 722 of the Penal Law.

In the case at bar, however, the defendant's language must be found to be " disorderly " and " insulting " within the provisions of subdivision 1, and the testimony discloses, and I find, that the public place and loud manner in which such names were called constitute circumstances " whereby a breach of the peace may be occasioned."

The defendant, of course, was entitled to the right of privacy, and freedom from interference in his home, from the police or from other persons. While in the protection of that right, the defendant might, under proper circumstances, present resistance to inter-

ference, the constitutional guaranty does not authorize the disorderly and offensive language and action of the defendant in the instant case. And while the abuse of the provisions of this section might lead to impairment of liberty, the Legislature in defining and making punishable disorderly conduct sought thereby to preserve the peace and public order. (*People* v. *Galpern*, 259 N. Y. 279.)

The defendant is adjudged guilty of the offense of disorderly conduct and fined the sum of ten dollars.