THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS SIEVERS, Relator, *v.* R. A. McGEE, as Warden, Workhouse, Rikers Island, New York City, Respondent.

Supreme Court, Special Term, Bronx County, January 20, 1938.

HOFSTADTER, J. The relator, who was convicted in the Court of Special Sessions on a plea of guilty of the misdemeanor of keeping a disorderly house (Penal Law, § 1146), was sentenced to a term of three months in the workhouse. The relator urges upon this court that the Court of Special Sessions had no power or jurisdiction to impose on a first offender a prison sentence in the first instance; that he may merely be required to file a bond with an alternative imposition of prison sentence in default thereof.

The critical issue is whether the punishment for a violation of section 1146 (which prescribes no punishment) is governed by the provisions of section 1937 of the Penal Law, or by sections 899 *et seq.* of the Code of Criminal Procedure.

I am clear that the action taken in this case was proper and in accordance with the law. The difficulty with the position of the relator is that the offense of being a disorderly person as defined by section 899 of the Code of Criminal Procedure is quite different from that of the crime referred to in section 1146 of the Penal Law.

Offenders under the former section are not tried for any " crime " nor are they classified as felons or misdemeanants. (*People* v. *O' Neill*, 117 App. Div. 826; *People ex rel. Frank* v. *Keeper*, 38 Misc. 233, 240.)

In *People* v. *Reson* (249 App. Div. 54) the court stated, in referring to offenses under sections 887 and 889 of the Code: " These offenses are not classed as crimes at all and are, therefore, not required to be dealt with according to the course of the common law, but may be dealt with summarily. (*People ex rel. Forster* v. *Warden*, 39 Misc. 700.) Persons convicted thereunder are not convicted of any crime, and may, therefore, in addition be tried and convicted of the acts for which they are summarily dealt with when such acts constitute crimes " (p. 56).

The charges under the Code and Penal Law are wholly distinct and separate and accordingly the contention of the relator that the punishment prescribed for a proceeding under section 1146 of the Penal Law is set forth in the Criminal Code is wholly without merit. The case of *People ex rel. Van Houten* v. *Sadler* (97 N. Y. 146) is directly in point. The court held (at p. 148):

" The relator while he kept the bawdy-house could have been arrested and dealt with as a disorderly person, or he could have been indicted and punished for keeping such a house. The two proceedings have different ends in view, and could both be taken against any person who kept such a house. Such person could be arrested as disorderly, and compelled to give the security required, and then afterward he could be indicted and punished for having kept a bawdy-house.

" Therefore the common-law remedy by indictment against the relator was not abolished or superseded by, or inconsistent with, the provisions of the Code of Criminal Procedure as to disorderly persons."

No punishment having been provided for in the defining section, section 1937 of the Penal Law becomes applicable and the sentence was proper.

The delay in rendering this decision was occasioned solely by the indulgence of the court in affording time to the relator for the submission of briefs and the court regrets that neither counsel has submitted pertinent authorities to aid it in its determination.

Writ dismissed.