THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOE KENLER, Defendant.

City Magistrate's Court of New York, Borough of Brooklyn, May 15, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Joseph Entel* of counsel), for plaintiff.

*Nathan Sweedler* for defendant.

SOLOMON, M. Defendant, a wholesale and retail poultry dealer, is charged with an Office of Price Administration ceiling

---

price violation. The only witness against him is the purchaser, one Samuel Sugarman, a retailer. Under the law, sellers as well as buyers may be prosecuted for its violation (Emergency Price Control Act of 1942, § 205; subd. [b]; U. S. Code, tit. 50, Appendix, § 925, subd. [b]). At the conclusion of the People's case, defendant moved for dismissal of the complaint on the ground that the People's only witness was an accomplice whose testimony required corroboration under section 399 of the Code of Criminal Procedure. In opposing the motion, the People's position is that the aforesaid section is inapplicable.

Specifically, the defendant is charged in the complaint with an infraction of a regulation in that he sold and delivered 354½ pounds of kosher-killed roasting chickens at the price of fifty cents per pound, amounting to a total of $178.01, whereas the ceiling price for such poultry on the day of the sale and delivery, to wit December 4, 1944, was thirty-seven and one-half cents per pound, or a total sum for said sale of $132.94. The over-charge, according to the complaint, is twelve cents per pound, or a total of $45.07.

The proceeding occurs under a resolution of the New York State War Council, which adopted and promulgated the price regulations. (In this case 2d Rev. Maximum Price Regulation No. 269, 9 Fed. Reg. 15095; N. Y. War Emergency Act, § 101, subd. 6; L. 1942, ch. 445, as amd.)

Section 399 of the Code of Criminal Procedure reads: " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime."

Subdivision (a) of section 1.3 of Revised Maximum Price Regulation No. 269 reads (9 Fed. Reg. 15095): " Regardless of any contract, agreement or other obligation, no person shall sell or deliver or cause to be sold or delivered, whether for his own account or otherwise, the poultry items specified in this regulation * * *; and no person in the course of trade or business shall * * * receive such poultry items at a price higher than the maximum prices established by this regulation; and no person shall agree, solicit or attempt to do any of the foregoing."

Defendant contends the People's own witness is an accomplice since he, like the defendant, may be prosecuted as a receiver in the course of trade or business of the poultry in question. To which the People make a twofold reply: (1) that Sugarman is not an accomplice since he purchased and did not sell, and (2) that whether he be an accomplice or not, his testimony does

not require corroboration. In support of this argument, the People bring to the attention of the court, subdivision (d) of section 100 of the War Emergency Act which reads: " (d) ' Infraction ' shall mean a violation, of any law or duly promulgated rule, regulation or order (1) which is expressly declared to be an infraction by this act, or (2) which is not expressly declared by this act to be either a misdemeanor or an infraction but where a penalty or other punishment is prescribed by this act. An infraction is not a crime and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not impose any disability upon or affect or impair the credibility as a witness, or otherwise, of any person convicted thereof. For the purpose of conferring jurisdiction upon courts and judicial officers generally, subject to the provisions of section one hundred one-a of this act, such infractions shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to infractions."

In subdivision 6 of section 101 of the act it is provided: " Any person who shall wilfully violate or disobey any duly promulgated rule, regulation or order, for which a person is not declared to be guilty of either a misdemeanor or an infraction in any of the preceding subdivisions of this section, or by or pursuant to any other provision of this act, shall be guilty of an infraction."

And section 102 dealing with punishment, reads: " Any person convicted of an infraction as defined by this act shall be punished by a fine of not more than twenty-five dollars or five days in jail or both."

The People argue the defendant, being charged with violating an Office of Price Administration regulation under the War Emergency Act, can be found guilty only of an infraction and not of a crime. At common law, a conviction for a crime could be had on the uncorroborated testimony of an accomplice. (*Matter of Hardenbrook,* 135 App. Div. 634, 636 [1907] affd. 199 N. Y. 539.) The law in this state did not change until 1882, when section 399 of the Code of Criminal Procedure was enacted (L. 1882, ch. 360). In *People* v. *Dyle* (21 N. Y. 578 [1860]) the appellant contended he could not be convicted on the uncorroborated testimony of his accomplice. The court, in overruling this contention, stated (p. 579): " But there is no rule of law which prevents a conviction on the testimony of an accomplice alone."

Section 399 specifically refers to crime. It is silent as to " offenses " or " infractions ". And, as appears hereinabove, the defendant is charged with an " Infraction [which] is not a crime and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment " (N. Y. War Emergency Act, § 100, subd. [d]).

In *People ex rel. Burke* v. *Fox* (205 N. Y. 490, 495, 496 [1912]), the court quoted at length from the opinion of CULLEN, J. (who was then Chief Judge of the Court of Appeals) in *Steinert* v. *Sobey* (14 App. Div. 505, 507 [1897]), in which he held that the word " crime " in the Code of Criminal Procedure was not used " * * * in a sense broad enough to include petty offenses subject to summary convictions by a magistrate. In the Code crimes are divided into felonies and misdemeanors * * * ." (*People* v. *O'Neill*, 117 App. Div. 826; *People ex rel. Frank* v. *Keeper, etc.*, 38 Misc. 233, affd. *sub nom. People ex rel. Frank* v. *Davis*, 80 App. Div. 448, affd. *sub nom. People ex rel. Clark* v. *Keeper, etc.*, 176 N. Y. 465.

In *People* v. *Lewis* (260 N. Y. 171 [1932]) the defendant was adjudged a delinquent child and was committed to a State school by the Broome County Children's Court upon confession to questions asked by the judge. The Appellate Division, Third Department, reversed the judgment of conviction upon the ground that the specific act upon which the delinquency charge was based would be a felony if committed by an adult and that the judgment of conviction rested solely upon delinquent's confession without a warning against self incrimination. The Court of Appeals, in reversing the Appellate Division and affirming the judgment of the Children's Court, stated (p. 176): " The concept of crime and punishment disappears. To the child delinquent through the commission of an act criminal in its nature, the State extends the same aid, care and training which it had long given to the child who was merely incorrigible, neglected, abandoned, destitute or physically handicapped. All suggestion and taint of criminality was intended to be and has been done away with. The legislative intent is made as plain as language can make it. The statute (§ 45) says: ' No adjudication under the provisions of this act shall operate as a disqualification of any child subsequently to hold public office or as a forfeiture of any right or privilege or to receive any license granted by public authority; and no child shall be denominated a criminal by reason of such adjudication, nor shall such adjudication be denominated a conviction. Neither the fact that a child has been before the Children's Court for hearing, nor

any confession, admission or statement made by him to the court or to any officer thereof while he is under the age of sixteen years, shall ever be admissible as evidence against him or his interests in any other court.' "

And at page 177: " Since the proceeding was not a criminal one, there was neither right to nor necessity for the procedural safeguards prescribed by constitution and statute in criminal cases. Many cases in many jurisdictions so hold."

Protection against conviction for crime on the uncorroborated testimony of an accomplice is purely statutory. In this State, such conviction could be had up to the enactment of section 399 of the Code of Criminal Procedure in 1882. The purpose of the aforesaid section was to protect persons accused of the commission of crime from conviction on the uncorroborated testimony of an accomplice because, among other things, of the consequences which flowed. None of these consequences accompany conviction for an " infraction " such as the defendant is charged with. Section 100 of the War Emergency Act (subd. [d]) specifically and expressly provides that conviction for an " infraction " " * * * shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not impose any disability upon or affect or impair the credibility as a witness, or otherwise, of any person convicted thereof."

The reasoning of the court in *People* v. *Lewis* (*supra*) is clearly applicable. This is not a criminal trial. The motion is denied. Proceed.