THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOWEY, HOROVITS & FISCHER, INC., Defendant.

City Magistrate's Court of New York, War Emergency Court, Borough of The Bronx, February 1, 1946.

*Callman Gottesman, Chief Enforcement Attorney, Office of Price Administration (William S. Hauser and Bernard Fremont of counsel), for plaintiff.*

*Maurice Borowsky* for defendant.

ROTHENBERG, M. The defendant herein is charged with nineteen violations of Restaurant Maximum Price Regulation No. 2 (9 Federal Register 7263, as amd.) of the United States Office of Price Administration, in selling and offering for sale articles of food and drink at prices exceeding the ceiling prices established for such articles pursuant to the said Regulation and

Order No. 18 of the New York State War Council, as extended by Resolution No. 439 of the New York State War Council, dated June 5, 1945, in accordance with the provisions of the New York State War Emergency Act.

The defendant moves to dismiss the complaints in the prosecutions enumerated, upon the ground that the evidence adduced on behalf of the People is insufficient to establish a prima facie case, in that it fails to meet the requirement of section 395 of the Code of Criminal Procedure that a conviction may not be had without proof additional to a confession that the crime charged has been committed.

The evidence offered by the People consisted of the following exhibits: Exhibit No. 1: a base menu filed by the defendant with its local War Price and Rationing Board, showing the prices charged by the defendant corporation during the period from April 4, 1943, to April 10, 1943, inclusive. In accordance with the terms of the regulation, the prices charged during this period became the ceiling prices for those items which the defendant might charge on the date set forth in the complaint.

Exhibit No. 2: a list of whiskey prices charged by the defendant on May 9, 1945. This list of prices was certified as accurate by the president of the defendant corporation. A comparison of the two exhibits shows that the prices set forth in Exhibit No. 2 are in several instances higher than the prices set forth in Exhibit No. 1.

Exhibit No. 3: an affidavit signed and sworn to by Leo Fischer, the president of the defendant corporation, secured in the course of an interview by the Office of the Price Administrator's investigator with the affiant on July 18, 1945. The affidavit contains admission of prices charged by the defendant corporation in the course of its business, during a period from July 1, 1944, to July 18, 1945. A comparison of Exhibit No. 3 with Exhibit No. 1 shows that the prices admittedly charged by the defendant during the second period were higher than those charged by the defendant during the base period, as set forth above.

Exhibit No. 4 consists of additional written admissions by Leo Fischer, the president of defendant corporation as to excess prices charged. There was no other testimony on behalf of the People.

Section 395 of the Code of Criminal Procedure reads: " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced

by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.''

The phraseology employed in this section refers to crimes, the language being, '' that the *crime* charged has been committed.'' (Italics supplied.) The question, therefore, arises whether said section is applicable to the offenses charged against the defendant.

The Office of Price Administration Regulation became effective pursuant to a resolution passed by the State War Council of the State of New York, under the authority of the New York State War Emergency Act, passed April 16, 1942, effective May 1, 1942, being chapter 445 of the Laws of 1942.

Said resolution contains the following provision: '' 2. Every violation of any such regulations or orders [Office of Price Administration's regulations or orders] shall constitute and be an infraction of this order, triable and punishable pursuant to the provisions of the New York State War Emergency Act, as amended.''

Subdivision (d) of section 100 of the New York State War Emergency Act reads: '' ' Infraction ' shall mean a violation of any law or duly promulgated rule, regulation or order (1) which is expressly declared to be an infraction by this act, or (2) which is not expressly declared by this act to be either a misdemeanor or an infraction but where a penalty or other punishment is prescribed by this act. An infraction is not a crime and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment, and shall not impose any disability upon or affect or impair the credibility as a witness, or otherwise, of any person convicted thereof. For the purpose of conferring jurisdiction upon courts and judicial officers generally, subject to the provisions of section one hundred one-a of this act, such infractions shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to infractions.''

Section 101 reads: '' *Violations and penalties.* * * * 6. Any person who shall wilfully violate or disobey any duly promulgated rule, regulation or order, for which a person is not declared to be guilty of either a misdemeanor or an infraction in any of the preceding subdivisions of this section, or by or pursuant to any other provision of this act, shall be guilty

of an infraction." (Added by L. 1942, ch. 544, as amd. by L. 1943, ch. 171, §§ 9, 10, eff. March 30, 1943. )

Section 101-a reads: *"Jurisdiction of courts concerning violations.* Courts of special sessions outside the city of New York and city magistrates' courts in the city of New York, in the first instance, shall have exclusive jurisdiction to hear and determine charges of violations constituting misdemeanors or infractions under this act or under any rule, regulation or order duly promulgated pursuant to this act, committed within the territorial jurisdiction of such courts."*

The foregoing sections when read together clearly indicate that an infraction is deemed a misdemeanor only for the purpose of conferring jurisdiction; and that for such purpose only the provision of law relating to misdemeanors applies to infractions. The intention was not to give defendants accused of infractions the benefit of all provisions of law relating to misdemeanors.

The Code of Criminal Procedure prescribes the rules of procedure in criminal cases. The definition of crimes is contained in the Penal Law. The offenses charged against the defendant in the case at bar are not declared to be crimes in the Penal Law. They are specifically declared not to be crimes in the New York State War Emergency Act.

In the case of *Steinert* v. *Sobey* (14 App. Div. 505, 507) the court in discussing the difference between crimes and offenses says: " It is undoubtedly true that the term ' crime ' is, within many definitions to be found in dictionaries and in text writers, broad enough to include the offense with which plaintiff was charged. Mr. Bishop, in his work on Statutory Crimes, devotes many sections to the discussion of the violation of the ordinances and by-laws of municipal corporations, treating such violations as crimes. But whatever be the correct and accurate definition of the word ' crime,' I think that it is not used in the Code of Criminal Procedure in a sense broad enough to include petty offenses subject to summary convictions by a magistrate."

In *People* v. *O'Neill* (117 App. Div. 826) which was an appeal involving the question of the jurisdiction of the Court of Special Sessions, the court held that charges of vagrancy, or of being a disorderly person, did not amount to misdemeanors; that these offenses were not crimes.

In *People ex rel. Sievers* v. *McGee* (166 Misc. 379) which was a proceeding involving a violation of section 1146 of the

Penal Law, the court held a violation of such section to be a crime and distinguished it from section 899 of the Code of Criminal Procedure, which was held to be an offense, and cited the following cases: *People* v. *O'Neill* (117 App. Div. 826, *supra*); *People ex rel. Frank* v. *Keeper* (38 Misc. 233); *People* v. *Reson* (249 App. Div. 54), and *People ex rel. Forster* v. *Warden* (39 Misc. 700).

*People* v. *Erickson* (171 Misc. 937) was a prosecution under subdivision 5 of section 899 of the Code of Criminal Procedure. This subdivision reads that " persons who have no visible profession or calling, by which to maintain themselves, but who do so, for the most part, by gaming ", are disorderly persons. The language is (Code Crim. Pro., § 901): " If the Magistrate be satisfied, from the confession of the defendant, or by competent testimony, that he is a disorderly person * * * ".

The magistrate in that case found the defendant guilty on evidence elicited solely from the mouth of the defendant, and consisted of sworn testimony given by him before the Commissioner of Investigation of the City of New York. The magistrate held that even though the case of the prosecution rested solely on admissions of the defendant, a conviction could be had, notwithstanding the safeguards guaranteed by section 395 of the Code of Criminal Procedure; that section 395 referred specifically to crimes, and not to an offense; that what was being dealt with in the case before him was not a crime but an offense.

The conviction was sustained in the Court of Special Sessions. On an appeal to the Court of Appeals (283 N. Y. 210), that court by a four-to-three decision, reversed the conviction and ordered a new trial. The reversal, however, was not on the ground that the People failed to meet the requirements of section 395 of the Code of Criminal Procedure as to additional proof. It was based on the view taken by the court that the admissions of the defendant did not embrace the essential element of the offense charged, namely, that the defendant maintained himself for the most part by gaming. The implication in the decision is manifest that had the admissions of the defendant been broad enough to include the essential elements of the charge, they would have been competent to establish a prima facie case without additional corroborative proof.

A case precisely in point is *People* v. *Schacher* (181 Misc. 769), decided by Mr. Justice Rubenstein at Special Term, Kings

County, January 18, 1944. The application was for a certificate that it was reasonable that the charge against the defendants be prosecuted by indictment. The charge was contained in an information filed in a Magistrate's Court of the City of New York and the defendants were charged with selling Scotch whiskey in excess of the ceiling price established by the United States Office of Price Administration under Maximum Price Regulation No. 445 (8 Federal Register 11161, as amd.); that, therefore, the defendants were guilty of violations of the order or regulations of the New York State War Council relating to price regulations of the Office of Price Administration.

The court held that the violations with which the defendants were charged constituted a mere infraction and not a misdemeanor; that the Supreme Court had no jurisdiction under section 101-a of the said War Emergency Act to certify that it was reasonable that the charge be prosecuted by indictment; that, therefore, the defendant's application must be denied.

The court quoted subdivision 6 of section 101 and said (p. 771): " Since the Legislature did not expressly define a violation of the freezing regulation as constituting a misdemeanor, consideration of the latter section clearly reveals an intent to make such violation a mere infraction ".

It was pointed out by the court that an infraction was not a crime and the penalty or punishment therefor must not be deemed a penal or criminal penalty or punishment; that the provision in the last sentence of subdivision (d) of section 100 of the New York State War Emergency Act cannot be extended by implication to mean that an infraction, as therein defined, must be considered as falling within the category of a misdemeanor. " Obviously ", the court in that case said (p. 772), " the Legislature, in enacting subdivision (d) of section 100, desired to eliminate any doubt as to the jurisdictional competency of the magistrates to try all offenses committed in violation of the Act, irrespective of whether the particular offense should constitute a misdemeanor, and therefore within the classification of a ' crime ', or should constitute a mere petty offense not recognized as a ' crime ' within the meaning of that term as defined by the Penal Law." (See, also, *People* v. *Kenler,* 184 Misc. 1044.)

For the reasons given this court concludes that section 395 of the Code of Criminal Procedure applies only to crimes. Since the New York State War Emergency Act specifically declares a violation of Office of Price Administration Regulations to be an infraction and not a crime, it follows that said

section is not applicable to violations of Office of Price Administration Regulations charged in the complaints herein.

The evidence established a prima facie case, and the motion to dismiss the complaints is denied.