Edmund A. McCarthy, J.
This is an appeal from a conviction on a charge of violating subdivision 4 of section 887 of the Code of Criminal Procedure of the State of New York, in which the defendant was charged with being a vagrant, and upon which conviction he ivas sentenced to Elmira Reception Center for an indeterminate term.
In the affidavit of errors, the constitutionality of sections 887 and 891-a of the Code of Criminal Procedure is challenged as unconstitutional and void, and in alleged violation of section 2 of article I of the New York State Constitution, as well as section 12 of the Civil Rights Law, and section 2 of the Penal Law, because of the fact that section 891-a of the Code of Criminal Procedure authorizes a different punishment than is usual in the case of an offense or a misdemeanor.
The affidavit of errors also alleges that the defendant was deprived of a trial by jury and was denied a fair trial, and further that the testimony was not corroborated, that the People failed to prove the defendant’s guilt beyond a reasonable doubt, and that the verdict was against the weight of evidence, as well as the sentence being unwarranted and excessive.
The record of this trial indicates a complete, painstaking examination of the various witnesses produced by the People, a strict cross-examination of these witnesses, and a complete disclosure of all of the evidence upon which the Trial Justice, having had the opportunity to view the witnesses, judge their credibility *546 and dependability, made his determination, of the questions of fact and found the defendant guilty, the proof being sufficient to satisfy the Justice beyond a reasonable doubt and not against the weight of evidence. The sentence imposed by the court was provided by statute and was not excessive.
The most serious question raised by the defendant is his constitutional challenge of the provisions of the Code of Criminal Procedure. The defendant commences his research as to the provisions of the Constitution with the alleged amendments of 1894, but in order to secure a proper perspective of the constitutional provisions relating to a trial by jury, it is necessary to go back to the beginning.
When the Constitution was adopted, that is 1777, there we will find reference made to the right of trial by jury and the jury trial which the framers of the Constitution intended to cover, embodied the paneling of 12 men, and it was not intended at that time to cover a six-man jury provided in the present-day Courts of Special Sessions, because these juries were not in existence at that time.
Our Courts of Special Sessions have existed since 1744, but no jury was permitted in these until 1824 when the Legislature provided for a jury of six. Any right that the defendant may have to a jury trial in the Court of Special Sessions is purely statutory and not constitutional, and hence defendant would not be entitled to a jury trial in a Court of Special Sessions as a matter of right in the absence of statutory provisions. (People v. Harding, 115 Misc. 298; People ex rel. Jackson v. Fennelly, 5 A D 2d 71; People v. Siciliano, 203 Misc. 441.)
So that the only jury trial guaranteed by our Constitution at its beginning was the 12-man panel which does not exist in the Courts of Special Sessions. Subsequent amendments to the Constitution attempted in an omnibus manner to preserve and guarantee the trial by jury in all cases in which it has heretofore been guaranteed. From this language it is plain to be seen that the original Constitution and its amendments did not guarantee a trial by jury in Courts of Special Sessions. Each subsequent amendment to the Constitution carried the same omnibus provision for the trial by jury to remain inviolate. But in each of these instances, the framers and the amenders had in mind the trial by 12 individuals.
Under all of the circumstances, the alleged constitutional attack upon the sections heretofore outlined is not warranted by law and consequently actions are declared constitutional. (People v. Cosmo, 205 N. Y. 91; People ex rel. Murray v. Justices of Special Sessions, 74 N. Y. 406.)
*547 Vagrancy cases have been tried for years in which both men and women have been involved in the Magistrates’ Courts of the City of New York and in other courts without a jury, and it has long been recognized that this is not a violation of the Constitution, nor the violation of the constitutional rights of any defendant.
After a careful view of the record, it would seem to this court that the errors alleged by the defendant are insufficient to warrant the reversal of this conviction. The appeal is, therefore, denied and the conviction complained of is hereby affirmed.