# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## November 2, 1917.

## THE PEOPLE v. GEORGE NESIN.

(179 App. Div. 869.)

PENAL CODE, § 43—ADVOCATING RESISTANCE TO CONSCRIPTION LAW.

A person who organizes an outdoor meeting in a crowded city street and urges his auditors to refuse to obey the laws of Congress on the matter of conscription and not to take up arms against Germany, may be convicted of disturbing and endangering the public peace under section 43 of the Penal Law.

*It seems,* that such acts may also be an offense against the Federal statutes.

SAME—FEDERAL JURISDICTION.

But the Federal jurisdiction does not take away the power of the courts of this State to punish such an offense against the public peace.

APPEAL by the defendant, George Nesin, from a judgment of the court of Special Sessions of the city of New York, rendered against him on the 20th day of July, 1917, convicting him and another of an act which disturbed and endangered the public peace under section 43 of the Penal Law, for which offense appellant has been sentenced to six months in the workhouse.

*Paul A. Katske,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

Per Curiam:

Appellant opened an outdoor meeting at a crowded street corner, on May 23d last, by an appeal against the war, declaring to those gathered: " You men that are listening to me, you must not obey the laws of Congress in this matter of conscrip-. tion, you must not take up arms against Germany, as Germany is a friendly nation to us." These and other words incited to resist the draft. Such utterances upon a public street, if permitted, could hardly fail to offend law-abiding citizens, and so become dangerous to the public peace.

Appellant was rightly convicted under the Penal Law of this State, which, by section 43, makes a misdemeanor an act " which seriously disturbs or endangers the public peace." That during his address of eight or ten minutes no actual disturbance broke out, did not excuse appellant, since such urging the crowd to defy the law tended clearly to provoke an outbreak. Appellant's acts may have also offended against the Federal statutes. That jurisdiction, however, did not take away the power of the courts of this State to punish such an offense against the public peace. (People v. Welch, 141 N. Y. 266.)

The judgment of conviction by the Court of Special Sessions is, therefore, affirmed.

Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

Judgment of conviction of the Court of Special Sessions affirmed.