## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

December 16, 1921.

## LOUIS P. GOLDBERG v. RICHARD E. ENRIGHT.

(199 App. Div. 186.)

(1) ARREST—FALSE IMPRISONMENT—POLICE ORDER THAT ENGLISH MUST BE SPOKEN AT STREET MEETINGS ILLEGAL.

In an action for false imprisonment the plaintiff's complaint should not have been dismissed on the ground that his arrest by one of the defendants, a police officer, was justified, where it appeared that the plaintiff was arrested on the charge of "having spoken in the Jewish language upon a street corner" and discharged by the court on the ground that he had not violated any law, and that the arrest was made in pursuance of a police order to the effect that at all street meetings the English language must be spoken.

(2) SAME.

It was not shown that there was any public meeting or gathering at the time and place of the plaintiff's arrest, and furthermore the act of speaking Jewish on a street corner in a Jewish neighborhood is not in itself a violation of section 43 of the Penal Law. The said police order was illegal and affords no justification for the arrest.

APPEAL by the plaintiff, Louis P. Goldberg, from a judgment of the County Court of Kings county in favor of the defendants, entered in the office of the clerk of the county of Kings on the 29th day of October, 1920, upon the dismissal of the complaint by direction of the court at the opening of the case.

The action was originally commenced against Adam Kletz and Michael Singer but was later discontinued as to Michael Singer, and Richard E. Enright was made an additional defendant by an order of the court.

The action was for damages for false imprisonment. The complaint avers that on October 4, 1919, at the corner of Dumont and Sheffield avenues, Brooklyn, the defendant Singer, without warrant or process, caused plaintiff's arrest, and obliged him to go to a police station, where Singer charged plaintiff before defendant Kletz, a police lieutenant in charge of the station, " with having spoken in the Jewish language upon a street corner; " that said lieutenant " continued the arrest " and compelled plaintiff to give a bond in the sum of $500 to appear in the Magistrate's Court. On the next day he appeared in the Magistrate's Court, which discharged him on the ground that plaintiff had violated no law. It is also averred that such an order prohibiting street meetings in any language but English had been issued by defendant Enright as police commissioner.

Defendant Kletz answered, admitting the issuance of an order by the police commissioner as follows: " All street meetings to be given particular attention. No person allowed to sell books, magazines or collect money at said meetings, and the language spoken must be in English."

A like admission is the answer of Commissioner Enright, who alleged that said order was issued by him in performance of his duty as police commissioner of the city of New York, and was issued solely for the purpose of preventing breaches of the peace and disorder in the public highways and boroughs of the city of New York, and for the protection of the public.

Upon the trial, after a jury had been sworn, a motion was made to dismiss the complaint upon the ground that it did not set forth a cause of action. The court after argument granted the motion, saying that while he did not subscribe to this order, yet that in his view it should not subject to damages

the police commissioner, where he is endeavoring to protect a large community of a cosmopolitan character. From this judgment of dismissal, plaintiff appeals to this court.

*Louis P. Goldberg,* appellant, in person.

*Joseph P. Reilly* (*John P. O'Brien, Corporation Counsel,* and *William B. Carswell* with him on the brief), for the respondents.

PUTNAM, J.:

Only the pleadings are before us. They fail to show any meeting or public gathering. Goldberg was arrested for speaking Jewish on a street corner in a Jewish neighborhood. The Penal Law, § 43, is directed against acts that disturb or endanger the public peace. It has been applied to speeches on a street corner inciting to disobey the law. (People v. Nesin, 179 App. Div. 869.)

To sustain appellant's arrest, we should have to go to the extreme of holding that anyone speaking a foreign language publicly was subject to arrest, regardless of his purpose or the character of his words. Arresting one speaking in Jewish at a street corner in a Jewish neighborhood would be an oppressive violation of the rights of Jewish citizens.

Had this trial proceeded, and special circumstances been shown, such as a meeting or assemblage with unlawful purpose, or with utterances tending to defy the authorities, very different questions would arise. But on these pleadings no justification appears for this interference with the right to speak in a citizen's native tongue.

There is a suggestion, however, that this order was, in Bacon's words, " made upon the spur of a particular occasion." This was because generally the police did not understand the speech of the Jews. And, therefore, to guard against disturbances and rioting then feared at that critical state of the local

housing situation, the police wished to dictate that all talk should be in English, and any other speech in public should be proscribed and forbidden. This might explain, but cannot justify such a police order. In the circumstances shown, it would be beyond the power even of the Legislature.

I advise, therefore, that the judgment of dismissal be reversed, and a new trial ordered, with costs to abide the event.

BLACKMAR, P. J., MILLS, KELLY, and JAYCOX, JJ., concur.

Judgment of the County Court of Kings county reversed, and a new trial ordered, with costs to abide the event.