THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JOHN GRAHL, Complainant, v. JOHN JACOB VOGT, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Yorkville Court, April 24, 1942.

*M. S. Lockhart*, for the defendant.

ROTHENBERG, C. M. The defendant is charged with disorderly conduct, under subdivision 2 of section 722 of the Penal Law of the State of New York, in that, on the 17th day of April, 1942, he did unlawfully, and with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned, address the following words, in substance, in a public bar and grill in the county of New York, to the complainant, a uniformed sailor in the United States Navy, in the presence and hearing of other persons: " What are you doing, fighting? And what are you fighting for? This is a capitalistic war. Why do you want to go out there and fight for a bunch of capitalists? Hitler wants his ' new order,' and Roosevelt has a ' New Deal.' What have you to choose from?_"

The complainant taking offense at this language, walked away from the defendant. Shortly thereafter, one Ellis, who had heard the conversation at a distance of ten feet, called a police officer, and caused the defendant's arrest. The witness Ellis testified that the defendant spoke " in a fairly loud tone." A person is guilty of disorderly conduct who " acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others." (Penal Law, § 722, subd. 2.) It has, however, been held that it is not essential that there be an actual breach of the peace. The test in each case is whether the defendant's conduct under the circumstances led to, or was likely to lead to disorder or public disturbance. (*People* v. *Nesin*, 179 App. Div. 869; *People* v. *Bevins*, 74 Misc. 377; affd., 149 App. Div. 935; *People* v. *Bellows*, 281 N. Y. 67; *People* v. *Sadowsky*, 149 Misc. 583.)

The question to be determined by this court is as to whether the language used by the defendant either created, or tended to create a breach of the peace. Freedom of speech and of the press are fundamental rights, which are safeguarded by the Federal Constitution. These rights, however, may be abused by using speech or the press so as to incite to violence or crime. The People, through their authorized legislative bodies, may protect themselves against the abuse of freedom of speech or of the press. The right of free speech is not absolute. It is relative, and limited by considerations of public welfare. (*De Jonge* v. *Oregon*, 299 U. S. 353.)

Words which ordinarily and in many places would be within the freedom of speech protected by the Constitution, may become a subject of prohibition when of such a nature, and uttered under such circumstances, as to create dangers which pertinent legislation had a right to prevent. (*Schenck* v. *United States*, 249 U. S. 47; *Aikens* v. *Wisconsin*, 195 id. 194.)

During World War No. 1 the Supreme Court of the United States affirmed convictions under the Espionage Act, where defendants had, either by writing or speech, used language which was calculated to cause insubordination, disloyalty, mutiny or refusal of duty in the military and naval forces of the United States. (*Schenck* v. *United States, supra; Frohwerk* v. *United States*, 249 U. S. 207; *Debs* v. *United States*, Id. 211.)

Mr. Justice HOLMES, speaking for the United States Supreme Court in the *Schenck* case, said: " When a nation is at war many things that might be said in time of peace are such a hindrance to its effort that their utterance will not be endured so long as men fight and that no Court could regard them as protected by any constitutional right."

An analogous case in our own State is that of *People* v. *Nesin* (*supra*). There the Appellate Division affirmed a conviction under section 43 of the Penal Law, which makes it a misdemeanor for any person willfully and wrongfully to commit any act which seriously injures the person or property of another, or which seriously disturbs, or endangers public peace, or health, or which openly outrages public decency. The defendant in that case addressed a public meeting on the street, urging his hearers to resist the draft in World War No. 1. The court said: " Such utterances [of the defendant] upon a public street, if permitted, could hardly fail to offend law-abiding citizens, and so become dangerous to the public peace. * * * Appellant's acts may have also offended against the Federal statutes. That jurisdiction, however, did not take away the power of the courts of this State to punish such an offense against the public peace. (*People* v. *Welch*, 141 N. Y. 266.) "

While the prosecution in the case at bar is under section 722 of the Penal Law, the offense is such as might readily fall under that section, or under section 43 of the Penal Law. The purport of those two sections is so similar as to offer a choice between prosecution under either of the sections named.

What was the tendency of the language uttered by the defendant in the case at bar? It expressed to the complainant defendant's opposition to the war and its purposes. It incited complainant, a sailor in the United States naval forces, to insubordination and disloyalty. Defendant's words offended the complainant as well as others within hearing. The objectionable utterances were made in a public place, a bar and grill, a classic arena for brawls. Were the complainant and the witness Ellis less restrained in their behavior upon hearing defendant's language, violence might easily have ensued under the circumstances.

Courts may not dictate the opinions or sentiments which citizens privately may entertain; but they may place an injunction upon the public expression of seditious statements in a time of war and of national danger which incite or tend to incite disloyalty and public disorder.

The defendant is found guilty of the offense charged.