THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES F. CASEY, Defendant.

City Court of Utica, Sitting as Court of Special Sessions, December 23, 1946.

*J. Herbert Gilroy, Corporation Counsel (Harold H. Hymes* of counsel), for plaintiff.

*M. Francis Malone* for defendant.

WALSH, J. This is a motion to set aside the verdict of a jury and for the dismissal of the information and for the discharge of the defendant. Defendant was convicted by a jury in this court of violating section 43 of the Penal Law.

Since the information is the basis of the court's jurisdiction in a misdemeanor case, we turn our attention first to this portion of the motion. A similar motion was denied by this court before trial, at the conclusion of the People's case, and again before the case was submitted to the jury. The information was laid by a police officer, upon information and belief, and alleged " an

act which * * * openly outrages public decency '' and continues by stating that defendant asked the two named little girls '' to commit an unnatural act with him '' and '' acted in a disorderly manner and used profane language in the presence of the girls.'' The information mentions the attached deposition of one of the little girls as the basis of the police officer's information and belief.

The attached deposition was sworn to before the chief clerk of the court at the same time as the information and sets forth in a complete manner the events leading up to the language alleged to have been used. The conversation of the defendant to the two little girls as alleged in the deposition is too indecent to be quoted herein and would serve no useful purpose. It is sufficient to mention that such conversation consisted of a question whether or not the two little girls had ever committed the offense punishable under section 690 of the Penal Law and when asked what was meant, defendant proceeded to describe such act in exceedingly blunt language accompanied by an offer of money.

Defendant contends that the information itself is insufficient and cannot be supplemented or pieced out by affidavits (*People v. Grogan,* 260 N. Y. 138, 142). An information must state the offense charged and acts constituting it and must set forth the specific acts constituting the alleged offense and may not leave them to be supplied by conjecture (*People* v. *Dale,* 47 N. Y. S. 2d 702). The information here alleges the time, place, person, and other circumstances that constitute such crime (*People* v. *Wacke,* 77 Misc. 196) but does not state the exact words alleged to have been used. These are supplied in the attached deposition. Defendant contends that the words, '' to commit an unnatural act with him '' and '' acted in a disorderly manner and used profane language '' are conclusions and therefore clearly insufficient. I do not so view the information and I believe it is sufficient on its face without resorting to the deposition. Considering it in connection with the deposition leaves no doubt as to its sufficiency.

Sections 148 through 150 of the Code of Criminal Procedure contemplate an information and depositions under oath by the magistrate. The City Court of Utica, being a court of record, specifically delegates to the chief clerk, '' the power to take depositions and informations and to issue warrants thereon '' and '' the same power to administer oaths and take acknowledgments as justices of the peace '' (Utica City Ct. Code, § 23; L. 1882, ch. 103, as amd.). The act of the chief clerk in swearing

the informant, taking the deposition and having it sworn to and issuing the warrant was the act of the magistrate.

The information was and is sufficient and the motion to dismiss is denied.

The second, and more important portion of the motion, is to set aside the verdict of the jury on the ground that such verdict was contrary to law, clearly against the evidence and that there was a reasonable doubt as a matter of law and fact. In addition, it is claimed that the court misdirected the jury as a matter of law.

A brief resumé of the testimony adduced at the trial is necessary. The People's case consisted largely of the testimony of the two little girls, under the age of twelve years, who were sworn after the court had examined each and was satisfied each knew the nature of an oath (Code Crim. Pro., § 392). They testified to the conversation set forth in the information and deposition and the offer by defendant of $1 each if they would do the act described. Each identified the defendant, his automobile, and contents. The defendant admitted being at the time and place mentioned but denied any such conversation and contended he merely asked directions to a certain street. A witness in his behalf testified he was talking with defendant at the time and that he heard no such language as testified to by the little girls. This witness testified he was in the vicinity to look at a house on the southeast corner of St. Jane and James Streets which he described as a dilapidated one-family house. The People rebutted this testimony by producing two little girls who saw defendant talking to the two little girls in question and that they did not observe the defense witness being present at that time and by the testimony of two other witnesses to the effect that the house on the southeast corner of St. Jane and James is a two-story house in fairly good condition. Defendant also produced several witnesses as to his good reputation.

The conviction was not against the weight of the evidence and the jury apparently found no reasonable doubt although it was carefully and I feel adequately charged by the court on the question of reasonable doubt; that evidence of good character might in and if itself create a doubt; and the presumption of innocence in favor of defendant.

The conviction should not be disturbed on these grounds.

The questions of law raised present a slightly more difficult problem. Defendant contends that (a) section 43 of the Penal Law applies only to " acts " and not " language "; that the evidence at best merely established " language "; and that the

court was in error in refusing to charge the jury to the effect that it must find for the defendant if only language was involved, and (b) that section 43 is clearly inapplicable for the reason that it must be an offense "for which no other punishment is expressly prescribed by this chapter" and punishment is expressly prescribed by section 723 of the Penal Law for disorderly conduct under section 722 and likewise by section 720 of the Penal Law, both of which sections contemplate "language" as constituting disorderly conduct.

Since the court's attention is directed to no clear authority on the matter, a discussion of the history of section 43 of the Penal Law is appropriate.

With the adoption of the Penal Code (L. 1881, ch. 676), there came into being the forerunner of the present section 43. It was then known as section 675 and read: "A person, who wilfully and wrongfully commits any act, which seriously injures the person or property of another, or which seriously disturbs or endangers the public peace or health, or which openly outrages public decency  *  *  * , for which no other punishment is expressly prescribed by this Code, is guilty of a misdemeanor." Chapter 384 of the Laws of 1882 added the exemption covering employees but this has no relation to this case. A comparison of this section 675 with present section 43 demonstrates that it is exactly the same wording with the exception of the substitution of the word "chapter" for the word "Code".

By chapter 327 of the Laws of 1891, section 675 of the Penal Code was amended by adding the following wording: "Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person or persons in any place or with the passengers of any public stage, railroad car, ferry boat, or other public conveyance, or who shall disturb or offend the occupants of such stage, car, boat or conveyance, by any disorderly act, language or display, although such act, conduct or display may not amount to an assault or battery, shall be deemed guilty of a misdemeanor." This last amendment to section 675 of the Penal Code is the present wording of section 720 of the present Penal Law.

When the Penal Law was adopted (L. 1909, ch. 88), old section 675 of the Penal Code was separated, the first half (L. 1891, ch. 327) becoming section 720 of the new Penal Law, and the second half (L. 1881, ch. 676, as amd. by L. 1882, ch. 384) becoming section 43 of the new Penal Law.

It is the opinion of this court that section 43 of the Penal Law applies to " language " as well as to " acts " which " openly outrage public decency ". It finds support in the case of *People* v. *Tylkoff* (212 N. Y. 197). There Judge BARTLETT held that section 43 was designed to deal with acts or deeds and no words, and that words alone could never constitute a violation of said section. Judges CHASE and MILLER concurred with this view. Judge WERNER wrote an opinion to the effect that words alone might constitute a violation of section 43 if they were obviously offensive to the general sense of public decency and in other cases (p. 202) if they offended public decency in the light of the " prevailing common judgment and moral sense of the community where an act is done or words are spoken * * * ." Judge CULLEN concurred in this view. Judge HISCOCK wrote an opinion holding that the words in question did constitute the violation of section 43. Judge HOGAN concurred. Thus, a majority of the court held that words alone may be such as to openly outrage public decency in violation of section 43.

Thus, in my opinion, section 43 of the Penal Law does apply to " language " as well as to " acts or deeds ", and the court correctly refused to charge the jury that unless it found acts or deeds and no language, it must acquit the defendant.

The court charged the jury that it must determine two questions in order to convict the defendant, (1) whether or not the words alleged were uttered at the time and place testified to by the witnesses, and (2) if they so found, whether or not such language offended the general sense of public decency of this community, and the court then defined the word " decency ".

This court might well have charged as a matter of law, that such words, if uttered, did openly outrage public decency, but it preferred to leave that question to the jury as indicated in the *Tylkoff* case (*supra*) and in *People* v. *Wallace* (85 App. Div. 170) where in a prosecution under old section 675 of the Penal Code, the question of whether the defendants caused serious disturbance and danger by speaking on a public street and interfering with traffic " was a question of fact presented to the jury ".

The remaining question to be decided is whether the existence of other provisions of the Penal Law which might be invoked preclude the prosecution of defendant under section 43. This court feels that it does not. At first blush, it might appear that defendant's contention is sound, but sound reason and common sense rebut this. Although the criminal law must be strictly

construed, it taxes the credulity of the average person to argue that a prosecution must fall unless in addition to the other safeguards thrown around the defendant, he likewise may choose the section under which he is to be prosecuted.

It is clear that defendant might have been charged with violating section 720 of the Penal Law or section 722. But the fact that he was not so charged, does not preclude the use of section 43.

Section 43 is " obviously one of those ' dragnet ' laws designed to cover newly invented crimes, or existing offenses that cannot be readily classified or defined." (WERNER, J., in *People* v. *Tylkoff*, 212 N. Y. 197, 201, *supra*.) In the facts in this case, the People were permitted to take a choice. While section 43 may be used in a proper case where there is no other section of the law covering the matter, it does not follow that it must be used only in such cases. Although there seems to be no clear authority on this point, it is not only logical but finds judicial support in at least two cases.

In the case of *People* v. *Burke* (243 App. Div. 83, affd. 267 N. Y. 571) certain nudists were charged with violating sections 1140 (indecent exposure), 1530 (public nuisance) and 43 of the Penal Law. There convictions were reversed on the ground that primarily section 1140 was involved and this section did not adequately cover the problem of nudism. Judge MERRELL dissenting in the Appellate Division stated (p. 87): " It seems to me there can be no question that the acts of the defendants were a direct violation, not only of the sections of the Penal Law above referred to, but of section 43 of the Penal Law, which is much broader in its scope." In the Court of Appeals, Judge CRANE dissented likewise and stated that defendants had violated all three sections.

In the case of *People* v. *Vogt* (178 Misc. 446, 448) the court stated: " While the prosecution in the case at bar is under section 722 of the Penal Law, the offense is such as might readily fall under that section, or under section 43 of the Penal Law. The purport of those two sections is so similar as to offer a choice between prosecution under either of the sections named."

Ideas of decency and indecency are instinctive in and a part of human nature. Statements such as were found by the jury to have been made and uttered in this case were obscene and possessed inherently that form of indecency which tended to suggest impure and unwholesome thoughts in the young and inexperienced. Section 43 of the Penal Law was enacted for

the protection and preservation of society in general against acts which seriously endanger the public peace or health or which openly outrage public decency. The tendency of obscene language to corrupt the morals of the community or to lower the standards of right or wrong concerning sexual behavior is too obvious to require discussion and by its very nature, it openly outrages public decency.

The motion to set aside the verdict of the jury and for the dismissal of the information and the discharge of the defendant is in all respects denied.