Francis J. Donovan, J.
Defendant was charged with violating section 43 of the Penal Law. The substance of the short-form information alleges that defendant used a vulgar expression in talking to a 17-year-old boy; that these words were spoken in the presence of a girl of the same age, and that defendant also told the boy ‘ ‘ lay her as there are precautions you can take, ’ ’ and “ go to bed together because there are precautions ’ ’.
At the close of the People’s case, the defendant has moved to dismiss.
The words which formed the nub of the charge were spoken during an extended conference in a kitchen located on the first *960 floor of a dwelling house. The other rooms on the floor were two studios and a storage room used by defendant for conducting art courses. At the time in question there were a female instructor and several students in and about the premises.
The use of the premises was sufficiently public and accessible and frequented by others to rebut defendant’s contention that the locus was private. Defendant had limited the privacy of the dwelling by putting the premises to a commercial use. He invited and received public traffic there. (People v. Whitman, 157 N. Y. S. 1107.)
There were three topics in the conversation: criticism of complainant’s art work and his relative potential in commercial versus fine art; the problem presented by the plan of the young couple to marry in the near future; the sex advice embodied in the quoted phrases.
We may dismiss at once the vulgar phrase. While crude and" vulgar it has no sinister meaning. It is simply a barrack room . equivalent to “ all mixed up.”
Did the sex advice “ openly outrage public decency? ” In denying a prior motion to dismiss the information I stressed the fact that the effect of this advice could not be determined without considering the context within which the words were uttered. If all the surrounding facts and circumstances were such that the words were calculated to and likely to induce the commission of a crime or an immoral act, a violation of the statute might be spelled out.
The maturity of the boy and girl, the intent of the defendant and the general environment in which the incident took place must be considered.
The boy and girl were ‘ ‘ unofficially engaged ’ ’ and had been keeping steady company for about seven months. They had discussed marriage with their parents and had secured parental approval. The mother of complainant stated that she considered the couple sufficiently mature to marry in the near future.
Complainant’s mother had not been satisfied with the effort the boy was putting forth on his art work and advised defendant of that fact.
It is a fair inference that there may have been a conflict between complainant’s keeping steady company with the girl and also concentrating on his art studies.
I have found no reported decision involving facts similar to those here presented.
Remotely analogous is People v. Casey (188 Misc. 352). There the defendant among other things asked two 12-year-old girls to engage in the act of sodomy and offered money.
*961 The immaturity of the girls there involved as contrasted with the maturity of the boy and girl in this case; the absence here of any intent on the part of this defendant to participate in any immoral act; the fact that this defendant attempted no seduction; all these factors make the reasoning of People v. Casey inapplicable.
What then is the obvious conclusion? This art instructor took it upon himself to become an amateur psychiatrist. He saw a student in an apparent conflict and in an off-hand way offered some immoral sex advice.
This version is supported by the complainant’s testimony that defendant told him to go to a psychiatrist.
Defendant’s intent was neither wanton nor criminal.
While defendant’s conduct may have been reprehensible and his advice morally dangerous he has not “ openly outraged public decency.”
While this court is vitally concerned with maintaining the wholesome moral atmosphere of the community, it is not empowered to render moral judgments.
It seems to me that some protection might be necessary to protect students from the pernicious suggestions of teachers who advocate fornication as moral or socially acceptable.
The North German Code has taken an interesting approach in this regard. Declining to make fornication the subject of general prosecution, it specifies several special instances where unchastity or attempts at unchastity are punishable. One category includes the situations where there is an abuse of trust or power, such as guardians, pastors, teachers, tutors or personnel in hospitals and asylums (2 Wharton, Criminal Law, n., p. 2112).
However any such protection must be afforded by administrative regulation or statutory amendment. This court cannot distort section 43 of the Penal Law to accomplish such a result.
The evidence is insufficient to make out a case for the jury. Defendant’s motion is granted, the information dismissed, and defendant discharged.